# APPENDIX III

| Appendix III: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Antitrust Law Claims | |
|---|---|
| **Arizona** | No Appreciable Difference with § 2 Sherman Act: Ariz. Rev. Stat. § 44-1412 (2008) ("It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes."); *Brooks Fiber Communications v. GST Tucson Lightwave*, 992 F. Supp. 1124, 1130 (D. Ariz. 1997) (explaining that the Arizona Antitrust Act "mirrors federal antitrust law."). |
| **California** | Requires Concerted Action: Cal. Bus. & Prof. Code §§ 16720, 16726 (2008) (providing that, under the California antitrust statute, plaintiff must allege a "combination"); *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986) (holding that a challenge to unilateral conduct is not cognizable under California's Cartwright Act because it does not involve a combination). |
| **District of Columbia** | No Appreciable Difference with § 2 Sherman Act: D.C. Code Ann. § 28-4515 (2008) (courts "may use as a guide interpretations given by federal courts to comparable antitrust statutes."); *WAKA, LLC v. DC Kickball*, 517 F. Supp. 2d 245 (D.D.C. 2007) (holding that since defendants have not sufficiently alleged a violation of Section 1 of the Sherman Act in their counterclaims, they also fail to state a claim under D.C. law). |
| **Iowa** | No Appreciable Difference with § 2 Sherman Act: Iowa Code § 553.2 (2008) ("This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter."). |
| **Kansas** | Requires Concerted Action: Kan. Stat. Ann. § 50-132 (2007) (prohibiting combinations and conspiracies only). |
| **Maine** | No Appreciable Difference with § 2 Sherman Act: *Davric Maine Corp. v. Rancourt*, 216 F.3d 143 (1st Cir. 2000) ("We have noted that the 'Maine antitrust statutes parallel the Sherman Act,' and thus have analyzed claims thereunder according to the doctrines developed in relation to federal law."); *Tri-State Rubbish, Inc. v. Waste Management, Inc.*, 998 F.2d 1073, 1081 (1st Cir. 1993)."). |
| **Michigan** | No Appreciable Difference with § 2 Sherman Act: Mich. Comp. Laws Ann. § 445.784(2) (2008) ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes, including, without limitation, the doctrine of per se violations and rule of reason."); *First Med Reps., LLC v. Futura Med. Corp.*, 195 F. Supp. 2d 917, 922 (E.D. Mich. 2002) ("[B]ecause Michigan courts apply Sherman Act analysis to the MARA, the following analysis applies … [equally to] the allegations of both state and federal antitrust violations."). |

| **Appendix III: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Antitrust Law Claims** | |
|---|---|
| **Mississippi** | No Appreciable Difference with § 2 Sherman Act: *Walker v. U-Haul of Mississippi*, 734 F.2d 1068, 1070 n.5 (5th Cir. 1984) (treating Mississippi and federal antitrust claims as "analytically identical").<br><br>Requires Predominantly Intrastate Activity: *Standard Oil Co. of Kentucky v. State*, 65 So. 468, 471 (Miss. 1914) ("[A] conspiracy to monopolize trade in any commodity to be punishable under state laws must have as one of its objects a monopoly in the intrastate trade therein to be accomplished in part at least by transactions which are also wholly intrastate."), *overruled in part on other grounds sub nom. Mlandinic v. Kohn*, 164 So. 2d 785 (Miss. 1964). *See also In re Microsoft Corp. Antitrust Litig.*, Nos. MDL 1332, 2003 U.S. Dist. LEXIS 15612, at * 7-8, 2003 WL 22070561, *2 (D. Md. Aug. 22, 2003) (dismissing Mississippi antitrust claims where plaintiffs failed to allege that monopoly was accomplished "by any transactions 'lying wholly within the state'"). |
| **Nebraska** | No Appreciable Difference with § 2 Sherman Act: Neb. Rev. Stat § 59-829 (2007) ("When any provision … is the same as or similar to the language of a federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts."). |
| **Nevada** | No Appreciable Difference with § 2 Sherman Act: Nev. Rev. Stat § 598A.050 (2007) ("The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes."); *Boulware v. State*, 960 F.2d 793, 800 (9th Cir. 1992) ("Nevada Unfair Trade Practices Act … tracks the provisions of the Sherman Act. The Nevada statute also adopts by reference the case law applicable to the federal antitrust statutes.").<br><br>Requires Predominantly Intrastate Activity: Nevada's Antitrust Act states that "it is unlawful to conduct any part of [a conspiracy in restraint of trade] in this state." Nev. Rev. Stat. Ann. § 598A.060(1) (2007). |
| **New Mexico** | No Appreciable Difference with § 2 Sherman Act: N.M. Stat. Ann. 1978, § 57-1-15 (2008) ("[T]he Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws. This construction shall be made to achieve uniform application of the state and federal laws prohibiting restraints of trade and monopolistic practices."). |
| **New York** | Requires Concerted Action: *George Miller Brick Co., Inc. v. Stark Ceramics, Inc.*, 801 N.Y.S.2d 120, 155-56 (N.Y. Sup. Ct. 2005) ("Neither the Sherman Act nor the Donnelly Act proscribe independent action… ." (citing *State v. Mobil Oil Corp.*, 38 N.Y.2d 460, 464 (N.Y. 1976) ("[A] one-sided practice … is outside the scope of the [Donnelly Act]"))). |

| Appendix III: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Antitrust Law Claims | |
|---|---|
| | Bars Class Action: *In re Ditropan XL Antitrust Litig.*, 529 F.Supp.2d 1098, 1107-08 (N.D. Cal. 2007) (holding that New York law does not permit private class actions under the Donnelly Act); *Cox v. Microsoft Corp.*, 737 N.Y.S.2d 1, 2 (N.Y. App. Div. 2002) ("Private persons are precluded from bringing a class action under the Donnelly Act ... because the treble damages remedy provided for in subsection 5 constitutes a 'penalty' within the meaning of CPLR 901(b)," and the Donnelly Act "does not specifically authorize recovery in a class action...."), *superseded by rule on other grounds Westerfield v. Washington Mut. Bank*, No. 06-2817, 2007 U.S. Dist. LEXIS 54830, 2007 WL 2162989 (E.D.N.Y. Jul. 26, 2007); *Asher v. Abbott Labs.*, 737 N.Y.S.2d 4, 4 (N.Y. App. Div. 2002) (same); *Leider v. Ralfe*, 387 F.Supp.2d 283, 288 (S.D.N.Y. 2005) (same). |
| **North Dakota** | No Appreciable Difference with § 2 Sherman Act: N.D. Cent. Code § 51-08.1-03 (2007) ("The establishment, maintenance, or use of a monopoly, or an attempt to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding competition or controlling, fixing, or maintaining prices, is unlawful."). |
| **South Dakota** | No Appreciable Difference with § 2 Sherman Act: S.D. Codified Laws § 37-1-22 (2008) ("It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes."); *Byre v. City of Chamberlain*, 362 N.W.2d 69, 74 (S.D. 1985) ("[B]ecause of the similarity of language between the federal and state antitrust statutes and because of the legislative suggestion for interpretation found in SDCL 37-1-22, great weight should be given to the federal cases interpreting the federal statute.").<br><br>Requires Predominantly Intrastate Activity: In South Dakota, "[a] contract, combination, or conspiracy between two or more persons in restraint of trade or commerce any part of which is within this state is unlawful." S.D. Codified Laws § 37-1-3.1 (2008). |
| **Tennessee** | Requires Concerted Action: Tenn. Code. Ann. § 47-25-101 (2008) (prohibiting "all arrangements, contracts, agreements, trusts, or combinations between persons or corporations… ."); *see also In re Ditropan XL Antitrust Litig.*, 529 F.Supp.2d 1098, 1108-09 (N.D. Cal. 2007) (holding that Tennessee Trade Practices Act does not apply to unilateral conduct).<br><br>Requires Predominantly Intrastate Activity: *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524 (Tenn. 2005) (upholding dismissal of a non-resident plaintiff's claims that defendants fixed the price of sorbates because "Freeman fails to establish how the defendants' anticompetitive conduct affected Tennessee commerce to a substantial degree even though the conduct |

| Appendix III: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Antitrust Law Claims | |
|---|---|
| | resulted in Freeman paying higher prices to retailers for items containing sorbates."). |
| **Vermont** | No Appreciable Difference with § 2 Sherman Act: Vt. Stat. Ann. tit. 9, § 2453 (2008) ("It is the intent of the legislature that in construing subsection (a) of this section, the courts of this state will be guided by the construction of similar terms contained in Section 5(a)(1) of the Federal Trade Commission Act as from time to time amended by the Federal Trade Commission and the courts of the United States."). |
| **West Virginia** | No Appreciable Difference with § 2 Sherman Act: W. Va. Code § 47-18-16 (2008) ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes."). |
| **Wisconsin** | No Appreciable Difference with § 2 Sherman Act: *Grams v. Boss*, 97 Wis. 2d 332, 346 (Wis. 1980) ("We have repeatedly stated that sec. 133.01, Stats., was intended as a reenactment of the first two sections of the federal Sherman Antitrust Act of 1890, 15 USC secs. 1 and 2… ."). <br><br> Requires Predominantly Intrastate Activity: *Olstad v. Microsoft Corp.*, 700 N.W.2d 139, 158 (Wis. 2005) ("A civil plaintiff filing an action under Wisconsin's antitrust act must allege that … the conduct complained of 'substantially affects' the people of Wisconsin and has impacts in this state, even if the illegal activity resulting in those impacts occurred predominantly or exclusively outside this state."). |