# APPENDIX IV

| Appendix IV: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Consumer Protection Claims | |
|---|---|
| **Alaska** | Bars Consumer Class Actions: *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 74-75 (D. Mass. 2005) ("Under the law[] of … Alaska … there is no right to bring a class action to enforce the consumer protection statutes. See … Alaska Stat. § 45.50.531 (b) (repealed provision that had allowed class actions)."). |
| **Arkansas** | Requires Fraudulent or Deceptive Conduct or an Unconscionable Trade Practice to Support a Consumer Protection Claim: Arkansas' Deceptive Trade Practices Act ("ADTPA") prohibits "deceptive and unconscionable trade practices," including but not limited to 11 enumerated categories, Ark. Code § 4-88-107 (2008), such as "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce or trade," *Id.* § 4-88-107(10). The ADTPA also prohibits the concealment, suppression, or omission of material facts, and makes the following unlawful when "utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation": "(1) [t]he act, use, or employment by any person of any deception, fraud, or false pretense; or (2) [t]he concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission." *Id.* § 4-88-108. *See also In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1029-30 (N.D. Cal. 2007) (holding "in … [Arkansas], pleading unconscionability requires something more than merely alleging that the price of a product was unfairly high," and that plaintiffs must "plead[] the kind of grossly unequal bargaining power prohibited by the[] statute[]."). |
| **California** | Bars Consumers Protection Claims Based Solely on Alleged Antitrust Violations When the Antitrust Claim Fails as a Matter of Law: *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375 (2002) ("If the same conduct is alleged to be both an antitrust violation and an 'unfair' business act or practice for the same reason . . . the determination that the conduct is not an unreasonable restraint of trade necessarily implies that the conduct is not 'unfair' toward consumers."); *see also Korea Kumho Petrochemical v. Flexsys Am. LP*, No. C07-01057, 2007 U.S. Dist. LEXIS 61373, at *17, 2007 WL 2318906, at * 4 (N.D. Cal. Aug. 4, 2007) (holding that "[p]laintiff's failure to plead a cognizable antitrust injury also requires dismissal of Plaintiff's Section 17200 [consumer protection] claim as well," because "[p]laintiff has identified no alleged unlawfulness beyond Defendants' alleged antitrust violations."). |
| **District of Columbia** | Requires Fraudulent or Deceptive Conduct or an Unconscionable Trade Practice to Support a Consumer Protection Claim: The District of Columbia's Consumer Protection Procedures Act ("DCCPPA") lists 32 categories of "unlawful trade practices," most of which involve deceptive conduct, but also includes "(r) [to] make or enforce unconscionable terms or provisions of sales |

| **Appendix IV: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Consumer Protection Claims** | |
|---|---|
| | or leases; in applying this subsection, consideration shall be given to the following. … (3) gross disparity between the price of the property or services sold or leased and the value of the property or services measured by the price at which similar property or services are readily obtainable in transactions by like buyers or lessees[.]" D.C. Code § 28-3904 (2008). *See also Alicke* v. *MCI Commc'ns. Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997) (dismissing DCCPPA claim based on method of pricing cellular service because of absence of actionable misrepresentation; "to state a claim based upon [one of the deceptive conduct prongs of the unfair trade practice statute], the plaintiff must allege that the defendant made a material misrepresentation or omission that has a tendency to mislead."); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1029-30 (N.D. Cal. 2007) (holding that the DCCPPA prohibits deceptive and unconscionable conduct in consumer transactions, and that the plaintiff must plead deceptive or unconscionable conduct in order to survive a motion to dismiss). |
| **Florida** | <u>Bars Consumers Protection Claims Based Solely on Alleged Antitrust Violations When the Antitrust Claim Fails as a Matter of Law</u>: *JES Props., Inc. v. USA Equestrian, Inc.*, No. 8:02-CV-1585-T-24MAP, 2005 U.S. Dist. LEXIS 43122, at *62-63, 2005 WL 1126665, at *19 (M.D. Fla. May 9, 2005) (dismissing Florida consumer protection act claim because it was based on the same allegations as the antitrust claims and the court found no violation of the antitrust laws); *see also Morris Commc'ns Corp. v. PGA Tour, Inc.*, 235 F. Supp. 2d 1269, 1286 (M.D. Fla. 2002) (same). |
| **Idaho** | <u>Requires Fraudulent or Deceptive Conduct or an Unconscionable Trade Practice to Support a Consumer Protection Claim</u>: Idaho's Consumer Protection Act ("ICPA") prohibits "unfair methods of competition and unfair or deceptive acts or practices." Idaho Code § 48-603 (2008). Of the 19 types of bad acts listed in section 603, only two are relevant here: (1) knowingly "engaging in any act or practice which is otherwise misleading, false or deceptive to the consumer" or (2) "engaging in any unconscionable method, act or practice in the conduct of trade or commerce...." *Id.* §§ 48-603(17), (18). *See also, State ex rel. Kidwell* v. *Master Distributors, Inc.*, 615 P.2d 116, 122-123 (1980) (explaining that a claim for "unfair" acts or practices requires plaintiff to show that the acts or practices "possess a tendency or capacity to deceive consumers"); *In re Wiggins*, 273 B.R. 839, 860-72 (Bankr. D. Idaho 2001) (stating factors considered to determine whether there was "unconscionable" conduct include (1) whether the plaintiff could reasonably protect his interests; (2) whether the defendant knew that the plaintiff could not reasonably protect his interests; (3) whether the action taken was grossly excessive or unfair; (4) whether the transaction at issue was excessively one sided; and (5) whether the defendant's pattern of conduct outraged or offended the public conscience). |

| Appendix IV: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Consumer Protection Claims | |
|---|---|
| **Kansas** | Requires Fraudulent or Deceptive Conduct or an Unconscionable Trade Practice to Support a Consumer Protection Claim: Kan. Stat. Ann. §§ 50-626, 50-627 (2007) (requiring Plaintiff prove a supplier "engage[d] in any deceptive act or practice in connection with a consumer transaction" or an "unconscionable act or practice in connection with a consumer transaction"); *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1029-30 (N.D. Cal. 2007) (holding that "in … [Kansas], pleading unconscionability requires something more than merely alleging that the price of a product was unfairly high," and that plaintiffs must "plead[] the kind of grossly unequal bargaining power prohibited by the[] statute[].") |
| **Louisiana** | Indirect Purchasers Lack Standing: *FTC v. Mylan Labs., Inc.*, 99 F. Supp. 2d 1, 7 (D.D.C. 1999) (refusing to permit Louisiana plaintiff to state a claim for damages on behalf of indirect purchasers because to do so "would provide an end run around the Fifth Circuit's decision in" *Free v. Abbott Labs.*, 176 F.3d 298 (5th Cir. 1999) (holding that under Louisiana law, indirect purchasers do not have standing to bring antitrust claims after *Illinois Brick*)).<br><br>Bars Consumer Class Actions: *Morris v. Sears, Roebuck & Co.*, 765 So. 2d 419 (La. App. 2000) ("The Louisiana Unfair Trade Practices Act (LUPTA), R.S. 51:1401, et seq., expressly prohibits a private class action."); s*ee also In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 74-75 (D. Mass. 2005) (Under the law[] of … Louisiana … there is no right to bring a class action to enforce the consumer protection statutes. See … La. Rev. Stat. Ann. § 51:1409(A).”). |
| **Maine** | Requires Fraudulent or Deceptive Conduct to Support a Consumer Protection Claim: Maine's Unfair Trade Practices Act ("MUTPA") makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Me. Rev. Stat. Ann. tit. 5, § 207 (2008). *See also Tungate v. MacLean-Stevens Studios, Inc.*, 714 A.2d 792, 797 (Me. 1998) (stating, in finding no violation of the MUTPA in photographer's pricing practice, that "[i]n pricing cases under [MUTPA] the inquiry is whether the price has the effect of deceiving the consumer, or inducing her to purchase something that she would not otherwise purchase"; holding that finding photographer's practice of offering certain school portrait packages at price 20% higher did not "operate to induce consumers to purchase photos they would not otherwise purchase" and therefore did not violate MUTPA); *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1031 (N.D. Cal. 2007) (" [In] pricing cases under the [Maine] Act the inquiry is whether the price has the effect of deceiving the consumer, or inducing her to purchase something that she would not otherwise purchase." Since it "simply [did] not make sense" that plaintiffs were induced |

| Appendix IV: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Consumer Protection Claims | |
|---|---|
| | into purchasing the product due to the higher prices resulting from the price fixing conspiracy, the motion to dismiss the claim was granted.).<br><br>Requires Written Notice to Defendant Prior to the Filing of a Consumer Protection Claim: Me. Rev. Stat. Ann. tit. 5, § 213(I-A) (2008) ("At least 30 days prior to the filing of an action for damages, a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive act or practice relied upon and the injuries suffered, must be mailed or delivered to any prospective respondent at the respondent's last known address."). |
| **Massachusetts** | Requires Written Notice to Defendant Prior to the Filing of a Consumer Protection Claim: Mass. Gen. Laws ch. 93A, § 9(3) ("At least thirty days prior to the filing of any such action [under c. 93A by a private person not engaged in business], a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent."). *See also York* v. *Sullivan*, 338 N.E.2d 341, 346-47 (Mass. 1975) ("The failure of the City to allege the sending of a demand letter is fatal to its [chapter 93A] claim."); *Spring v. Geriatric Auth. of Holyoke*, 475 N.E.2d 727, 735-36 (Mass. 1985); *Entrialgo* v. *Twin City Dodge, Inc.*, 333 N.E.2d 202, 204 (Mass. 1975).<br><br>Bars Consumers Protection Claims Based Solely on Alleged Antitrust Violations When the Antitrust Claim Fails as a Matter of Law: *Elfman & Son, Inc. v. Criterion Mills, Inc.*, 774 F. Supp. 683, 687 (D. Mass. 1991) ("A § 93A claim must fail, however, if the antitrust and contract claims fail."); *J.H. Westerbeke Corp. v. Onan Corp.*, 580 F. Supp. 1173, 1192 (D. Mass. 1984) (same). |
| **Nebraska** | Bars Consumers Protection Claims Based Solely on Alleged Antitrust Violations When the Antitrust Claim Fails as a Matter of Law: *Triple 7, Inc. v. Intervet, Inc.*, 338 F. Supp. 2d 1082, 1087 (D. Neb. 2004) (holding that "[p]laintiff has failed to state a claim under the [Nebraska] CPA for the same reasons discussed in connection with its Sherman Antitrust Act claim."). |
| **Nevada** | Requires Fraudulent or Deceptive Conduct to Support a Consumer Protection Claim: Nev. Rev. Stat. §§ 598.0915-918 (2007) (prohibiting deceptive trade practices, including making "false representations" and using "deceptive representations"). |
| **New Hampshire** | Requires Predominantly Intrastate Conduct to Invoke Its Consumer Protection Law: New Hampshire's Consumer Protection Act ("NHCPA") provides that "[i]t shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state ...." N.H. Rev. Stat. Ann. § 358-A:2 (2008). *See* |

| **Appendix IV: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Consumer Protection Claims** | |
|---|---|
| | *also Pacamor Bearings, Inc. v. Minebea Co.*, 918 F. Supp. 491, 504 (D.N.H. 1996) (holding that the use of the "within this state" language in the NHCPA "clearly indicates that the statute is only applicable if the offending conduct took place within the territorial borders of [New Hampshire]"); *Mueller Co. v. United States Pipe & Foundry Co.*, No.03-170-JD, 2003 U.S. Dist. LEXIS 17448, at *18-19, 2003 WL 22272135, at *6 (D.N.H. Oct. 2, 2003) (dismissing NHCPA claim, and holding that "commercial conduct which affects the people of New Hampshire is actionable under section 358-A:2 only if it occurs within New Hampshire."); *Environamics Corp. v. Ferguson Enters.*, No.00-579-JD, 2001 U.S. Dist. LEXIS 25481, at *10, 2001 WL 1134727, at *4 (D.N.H. Sept. 24, 2001) ("The limitation in RSA 358-A:2 to 'conduct of any trade or commerce within this state' has been interpreted to mean that the statute only applies to offending conduct that took place within New Hampshire.").<br><br>Bars Consumers Protection Claims Based Solely on Alleged Antitrust Violations When the Antitrust Claim Fails as a Matter of Law: *Davis Frame Co., Inc. v. Reilly*, No. 05-CV-160-SM, 2006 U.S. Dist. LEXIS 6754, at *17, 2006 WL 435454, at *6-7 (D.N.H. Feb. 22, 2006) (dismissing New Hampshire Consumer Protection Act claim in part because the defendant was not liable for unlawful tying, and that theory could not serve as the basis for a CPA claim); *see also Dennis v. Husqvarna Forest & Garden Co.*, No. 94-309-M, 1994 U.S. Dist. LEXIS 18658, at *16, 1994 WL 759187, at *6-7 (D.N.H. Dec. 27, 1994) (same). |
| **New Mexico** | Requires Fraudulent or Deceptive Conduct or an Unconscionable Trade Practice to Support a Consumer Protection Claim: New Mexico's Unfair Practices Act ("NMUPA") prohibits: (1) "unfair or deceptive trade practices," defined to include any "act specifically declared unlawful pursuant to the Unfair Practices Act [5712-1 NMSA 1978], a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person"; and (2) "unconscionable trade practices," defined to include any practice that either "(1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the paid." N.M. Stat. Ann. § 57-12-2 (2008); *id.* § 57-12-3. *See also Thompson v. Youart*, 787 P.2d 1255, 1259 (1990) (holding that a claim for unfair and deceptive actions requires: "(1) a false or misleading representation (2) knowingly made (3) in connection with the sale of goods or services (4) in the regular course of trade or commerce (5) which may, tends to, or does deceive or mislead any person."); *Guthman* v. *La Vida*, 709 P.2d |

| **Appendix IV: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Consumer Protection Claims** | |
|---|---|
| | 675, 680 (1985) (under New Mexico contract law, unconscionability requires terms that are "extreme ... according to the mores and business practices of the time and place"); *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1029-30 (N.D. Cal. 2007) (holding "in … [New Mexico], pleading unconscionability requires something more than merely alleging that the price of a product was unfairly high," and that plaintiffs must "plead[] the kind of grossly unequal bargaining power prohibited by the[] statute[].").<br><br>Indirect Purchasers Lack Standing: New Mexico's Unfair Trade Practices Act provides that "[a]ny person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act [57-12-1 NMSA 1978] may bring an action...." N.M. Stat. Ann. § 57-12-10(B) (2008). *See also Marchman v. NCNB Texas Nat'l Bank*, 898 P.2d 709, 715-19 (N.M. 1995) (holding that indirect purchasers have no standing to bring claims); *Delta Automatic Sys., Inc. v. Bingham*, 974 P.2d 1174, 1177 (N.M. Ct. App. 1998) ("An indirectly injured party should look to the recovery of the directly injured party, not the wrongdoer for relief."). |
| **New York** | Requires Fraudulent or Deceptive Conduct to Support a Consumer Protection Claim: New York law declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a) (2008). *See also Stutman v. Chemical Bank*, 731 N.E.2d 608, 611-12 (N.Y. 2000) (prevailing under § 349 requires proof that defendant engaged in a "deceptive practice" that is "likely to mislead a reasonable consumer acting reasonably under the circumstances"); *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (describing proof of a deceptive act as an essential element of a claim under § 349); *Gaidon v. Guardian Life Ins. Co. of Am.*, 725 N.E.2d 330, 344 (N.Y. 1999) (same); *Oswego Laborers' Local* 214 *Pension Fund v. Marine Midland Bank, NA.*, 647 N.E.2d 741, 744 (N.Y. 1995) (same).<br><br>Requires Predominantly Intrastate Conduct to Invoke Its Consumer Protection Law: New York law provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state* are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a) (2008) (emphasis added). *See also Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190, 1195 (N.Y. 2002) (affirming order dismissing action, and holding that "to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York" and that "[t]o apply the statute to out-of-state transactions in the case before us would lead to an unwarranted expansive reading of the statute, contrary to legislative intent, and potentially leading to the nationwide, if not global application of General Business Law § 349."); *Murrin v. Ford Motor Co.*, 303 A.D.2d 475, 477, (N.Y. App. Div. 2003) |

| **Appendix IV: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Consumer Protection Claims** | |
|---|---|
| | (affirming dismissal, holding that "[t]he plaintiff also did not adequately plead a cause of action alleging a violation of General Business Law § 349, since he failed to allege that the deceptive acts complained of took place within the State of New York."). <br><br> Bars Consumer Class Actions: *Paltre v. General Motors Corp. et al.*, N.Y. Sup. Ct. Index No. 005014/2003, (April 21, 2004 Order at 15-17) (Ex. E) (dismissing consumer protection act claims in complaint virtually identical to the instant case, when gravamen of plaintiffs' complaint was the defendants violated antitrust laws, and allowing plaintiffs to bring antitrust class actions under the consumer protection act would improperly subvert the ban on class actions under New York's antitrust act), *aff'd*, 26 A.D.3d 481 (N.Y. App. Div. 2006). |
| **North Carolina** | Requires Predominantly Intrastate Conduct to Invoke Its Consumer Protection Law: N.C. Gen. Stat. § 75-1 (2008), *et. seq.*, requires that a plaintiff allege a substantial in-state injury. *See The 'In' Porters v. Hanes Printables, Inc.*, 663 F. Supp. 494, 502 (M.D.N.C. 1987) (dismissing plaintiff's Unfair Trade Practices Act claim because alleged conduct "lack[ed] substantial North Carolina effects"); *see also Merck & Co. v. Lyon*, 941 F. Supp. 1443, 1463 (M.D.N.C. 1996) (explaining that the extraterritorial reach of the UTPA is limited to actions having "a substantial effect on a [plaintiff's] in-state business operations") (citing *The 'In' Porters*). |
| **Rhode Island** | Indirect Purchasers Lack Standing: Rhode Island's Antitrust Act which squarely precludes claims by indirect purchasers. *See Siena v. Microsoft Corp.*, 796 A.2d 461, 464-65 (R.I. 2002); *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1030 (N.D. Cal. 2007) ("Rhode Island does not permit state-law antitrust claims by indirect purchasers."). <br><br> Does Not Provide a Cause of Action for Antitrust Violations Under Its Consumer Protection Law: The Supreme Court of Rhode Island has held that the Rhode Island Deceptive Trade Practices Act ("DTPA"), R.I. Gen. Laws § 6-13.1-2 (2007), does not provide a cause of action for antitrust violations. *See ERI Max Entertainment, Inc. v. Streisand*, 690 A.2d 1351 (R.I. 1997) (dismissing plaintiff's claims under the Rhode Island antitrust act and deceptive trade practices act, which were based on allegations that defendants engaged in a civil conspiracy by entering exclusive agreement to distribute videotape only in Blockbuster video stores, because "the behavior complained of does not meet the definition of '[u]nfair methods of competition and unfair or deceptive trade practices' set forth in sec. 6-13.1-1 (5) of the [Deceptive Trade Practices] act."); *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1029-30 (N.D. Cal. 2007) (dismissing plaintiffs' Rhode Island consumer protection law claims in part due to the fact that "Rhode |

| **Appendix IV: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Consumer Protection Claims** | |
|---|---|
| | Island's unfair competition statute has been interpreted to foreclose claims based on antitrust violations."). |
| **Utah** | Requires Fraudulent or Deceptive Conduct or an Unconscionable Trade Practice to Support a Consumer Protection Claim: Utah's Consumer Sales Practices Act ("UCSPA") bars two general types of acts. First, it prohibits actions constituting "deceptive act[s] or practice[s] by [a] supplier." Utah Code §§ 13-11-4, 13-11-8(2) (2008); Utah Admin. Code § R152-11 (2008). Second, it prohibits acts that are deemed to be "unconscionable act[s] or practice[s] by [a] supplier." Utah Code § 13-11-5. *See also Woodhaven Apts. v. Washington*, 942 P.2d 918, 924-25 (Utah 1997) (examining, in reviewing contract for unconscionability, factors such as whether terms were "deceptive or misleading," buried in contract, and whether contract was unjust); *Imperial Mobile Home Park LLC* v. *Kelsch*, No.971591-CA, 1998 Utah App. LEXIS 171, at *1, 1998 WL 1758393, at *1 (Utah Ct. App. Nov. 27, 1998) (stating, in reviewing whether acts were unconscionable, that such acts require gross bargaining power inequality or oppressive contractual terms).<br><br>Bars Consumer Class Actions: Utah Code § 13-11-19(4)(a) (2008) ("A consumer who suffers loss as a result of a violation … may bring a class action for the actual damages caused by an act or practice specified as violating this chapter by a rule adopted by the enforcing authority ... before the consumer transactions on which the action is based, or declared [unlawful] ... by a final judgment of the appropriate court or courts of general jurisdiction and appellate courts of this state that was either officially reported or made available for public dissemination ... by the enforcing authority ten days before the consumer transactions on which the action is based."). |
| **Vermont** | Requires Fraudulent or Deceptive Conduct to Support a Consumer Protection Claim: Vermont's Consumer Fraud Act ("VCFA") provides that "[u]nfair methods of Competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful." Vt. Stat. Ann. tit. 9, § 2453(a) (2007). Section 2453(b) further provides that "[i]t is the intent of the legislature that in construing subsection (a) of this section, the courts of this state will be guided by the construction of similar terms contained in section 5(a)(1) of the Federal Trade Commission Act as from time to time amended by the Federal Trade Commission and the courts of the United States." *Id.* § 2453(b). *See Winey v. William E. Dailey, Inc.*, 636 A.2d 744, 748 (Vt. 1993) (stating that VCFA plaintiff must show defendant made "a representation likely to mislead her, that she interpreted it reasonably under the circumstances and that the misleading nature of the representation was likely to affect her conduct or decision with respect to the contract"). |

| **Appendix IV: Authority Supporting Defendant's Arguments for Dismissal of Plaintiffs' State Consumer Protection Claims** | |
|---|---|
| **West Virginia** | Requires Written Notice to Defendant Prior to the Filing of a Consumer Protection Claim: W. VA. Code § 46A-6-106(b) (2008) ("Notwithstanding the provisions of subsection (a) of this section, no action may be brought pursuant to the provisions of this section until the consumer has informed the seller or lessor in writing and by certified mail of the alleged violation and provided the seller or lessor twenty days from receipt of the notice of violation to make a cure offer.").<br><br>Does Not Provide a Cause of Action for Price Fixing Under Its Consumer Protection Law: The West Virginia Consumer Credit and Protection Act does not provide a cause of action for price fixing. W. VA. Code § 46A-6-102(7) (2008). *See also In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072 (N.D. Cal. 2007). In *DRAM*, this Court observed that the 16 descriptions of "unfair methods of competition" in the West Virginia statute do not target traditional antitrust conduct and instead focus on "conduct that, in one way or another, 'creates a likelihood of confusion or misunderstanding' with respect to goods, services or businesses, or involves deceptive, false, or misleading statements and representations in connection with goods, services or businesses." *Id*. at 1118. |