LATHAM & WATKINS LLP
Daniel M. Wall (Bar No. 102580)
Timothy L. O'Mara (Bar No. 212731)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
Email: Dan.Wall@lw.com
Email: Tim.OMara@lw.com

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION JUDICIAL DISTRICT

GEOFFREY PECOVER and JEFFREY LAWRENCE, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

ELECTRONIC ARTS INC., a Delaware Corporation,

Appellant.

CASE NO. C 08-02820 VRW

**DECLARATION OF JACOB SCHATZ IN SUPPORT OF DEFENDANT ELECTRONIC ARTS INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL EA'S CONFIDENTIAL MATERIALS**

I, Jacob Schatz, hereby declare as follows:

1. I am presently employed by Defendant Electronic Arts Inc. ("EA") as the Vice President of Legal Affairs, and am duly authorized to sign this declaration on behalf of EA. I am familiar with this litigation and plaintiffs' claims. I am also familiar with the content of the league licenses at issue in this lawsuit. In addition, I am familiar with the business operations of EA and have reviewed the business documents discussed below. I have personal knowledge of the matters stated in this declaration, and I am competent to testify thereto.

2. I make this declaration on behalf of EA in support of its Response to Plaintiffs' Administrative Motions to File Under Seal EA's Confidential Materials. This declaration is submitted to show compelling reasons why the unredacted versions of (a) plaintiffs' Reply In Support of Motion for Class Certification, (b) the Declaration of Jeffrey K. MacKie-Mason In Further Support of Plaintiffs' Motion for Class Certification, (c) plaintiffs' Motion Exclude the Expert Opinion of Jill Hamburger and to Strike Section II.B of Defendant's Response to Plaintiffs' Motion for Class Certification, and (d) certain confidential materials filed as exhibits in purported support thereof must be sealed.[1]

3. Pursuant to the Stipulated Protective Order signed by the Court on January 20, 2009 (the "Protective Order"), EA has produced "Confidential Information" and "Counsel Only Information" (as defined therein), in the form of documents and other materials, to plaintiffs in this action. Certain exhibits to plaintiffs' reply in support of their motion for class certification, plaintiffs' motion to exclude the expert opinion of Jill Hamburger, and the declarations filed in support thereof are documents that were designated as Confidential Information or Counsel Only Information per the Protective Order. Further, plaintiffs' reply in support of their motion for class certification, the supporting declaration of Jeffrey K. MacKie-Mason, and plaintiffs' motion to exclude the expert opinion of Jill Hamburger contain an

[1] Documents filed as Exhibits to the Motion Exclude the Expert Opinion of Jill Hamburger and to Strike Section II.B of Defendant's Response to Plaintiffs' Motion for Class Certification are attached to the Declaration of Stuart M. Paynter in support thereof (hereafter, "Paynter Ex."), and documents filed as Exhibits to the Reply In Support of Motion for Class Certification are attached to the Declaration of Steve W. Berman in support thereof (hereafter, "Berman Ex.").

analysis of, references to, and/or information taken directly from documents that were designated as Confidential Information or Counsel Only Information per the Protective Order. On behalf of EA, I am providing this declaration pursuant to Civil Local Rule 79-5(d) to request that the unredacted versions of these documents be kept filed under seal. As discussed below, these documents contain non-public, highly confidential trade secret and proprietary information. I will address each of these documents below according to the category of trade secret information contained therein. Narrowly redacted versions of these documents are attached hereto and have been publicly filed, and EA is asking the Court to completely seal only one document which consists entirely of highly confidential financial information (profit and loss statements).

4. Documents Containing License Terms and Non Public Negotiation Strategies. Paynter Ex. 22 and Berman Exs. 236 and 238 contain references to EA's non public negotiation strategies and licensing agreements, which are paradigmatic trade secrets and therefore must remain under seal. Paynter Ex. 22 (EA00846098) is an October 2008 presentation containing franchise reviews for several EA titles, and includes the specific financial terms of the contracts negotiated between EA and third parties, including the precise amounts of guaranteed marketing spend and reflecting the scope of rights granted and services to be rendered under the agreements. Berman Ex. 236 (EA00347979) contains a confidential discussion regarding EA's CLC licensing agreement, and indicates the bargaining posture of the parties and the scope of negotiations. Similarly, Berman Ex. 238 (EA00224182) is an email chain reflecting EA's non public negotiation tactics regarding EA's NBA branded games. This candid discussion includes the details of proposed marketing strategies and EA's valuation of various contractual terms. These agreements are short-term licenses subject to periodic re-bidding and renegotiation, and the disclosure of this information would seriously distort the marketplace by placing the confidential terms of EA's licenses on public display, while the terms that other licensors and licensees negotiated are not publicly disclosed in the same manner. Other licensors and licensees would have a commercial advantage over EA, and would modify their behavior to exploit that advantage during the re-bidding processes for these licenses at their expiration, and/or during any bidding processes for rights not covered by the current licenses.

As a result, EA would suffer substantial, immediate, and irreparable commercial harm if unredacted versions of these documents were made public. EA has publicly filed redacted versions of these documents, and EA respectfully requests that the unredacted versions of these documents be sealed.

5. Forward Looking Business Plans and Marketing Strategies. Paynter Exs. 21, 24, and 25 contain details of EA's branding initiatives, advertising campaigns, sales strategies, and EA's perception of investment opportunities and assessment of risk in the marketplace, as well as the information compiled, analyzed, and relied on by EA to develop these strategies which are closely guarded trade secrets in the video game industry because of their fundamental competitive and proprietary value. Paynter Exs. 21 (EA00842060) and 24 (EA00008646) contain product summaries for various EA franchise titles and include the specifics of EA's marketing allocations for various projects, partnership contributions and matched spending arrangements, and perceived market risks and opportunities. Likewise, Paynter Ex. 25 (EA00022344) contains recommendations for tactical adjustments to the business and marketing models for EA's NBA branded games. EA uses the information contained in these exhibits to conduct its business and maintains the confidentiality of that information to protect its usefulness. While Paynter Exs. 21 and 24 are from 2005 and Paynter Ex. 25 is from 2008, they all contain highly sensitive strategic information that is not time-sensitive and reflect strategies that are especially pertinent to EA's current marketing formulas. If made public, the highly confidential information contained in these documents would expose EA's branding initiatives and marketing budgets—granting competitors a behind-the-scenes look at the factors EA's considers when mapping out its strategic direction. As a result, making these documents publicly available would provide EA's competitors with an unfair competitive advantage and would cause immediate and irreparable harm to EA. EA has publicly filed redacted versions of these documents. EA respectfully requests that the unredacted versions of these documents be sealed.

6. Profit and Loss Statements. Paynter Ex. 29 (EA00809469) is a compilation of profit and loss statements that consist entirely of highly confidential, non-public

financial information for EA's catalogue of sports titles. These statements contain the title-by-title annual figures for net revenue, royalty payments, research and development budgets, advertising and marketing spend, and other financial calculations, including budget forecasts through FY2011, which are vital to EA's business. This information has not been publicly disclosed. These specific financial records are closely guarded trade secrets in the videogame industry, as they would be in any industry. If the information in these documents were disclosed, EA's competitors would have access to, among other things, non-public EA financial information, such as research and development budgets, licensing costs, marketing spends, profit margins, royalty rates, and other highly confidential financial metrics. EA requests that the Court order this document be kept under seal in its entirety.

7. Unredacted Versions of Plaintiffs' Reply Motion In Support of Motion For Class Certification, Motion to Exclude the Expert Opinion of Jill Hamburger, Supporting Declarations, and Deposition Transcripts. Plaintiffs' Reply Motion in Support of Motion for Class Certification, the Declaration of Jeffrey MacKie-Mason In Further Support of Motion for Class Certification, and plaintiffs' Motion to Exclude the Expert Opinion of Jill Hamburger and to Strike Section II.B of Defendant's Response to Plaintiffs' Motion for Class Certification, refer to and reveal the very same trade secret information contained in the documents discussed above. If made public, this information would expose EA's strategic plans, marketing formulas, and business models, providing competitors with an unfair business advantage over EA and distorting the marketplace. The deposition transcript of Jill Hamburger (Paynter Ex. 1, Berman Ex. 242) also contains personal employment information which has been redacted to protect her privacy interests. EA has publicly filed redacted versions of these documents. EA requests that this Court order the unredacted versions of these documents be kept under seal.

//

//

//

//

//

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed on April 8, 2010 in Redwood Shores, California.

Dated: April 8, 2010

Jacob Schatz
Vice President of Legal Affairs
ELECTRONIC ARTS INC.