UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY PECOVER, et al., | |
| Plaintiff(s), | No. C08-2820 CW (BZ) |
| v. | ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENT BEING WITHHELD ON WORK PRODUCT GROUNDS |
| ELECTRONIC ARTS INC., | |
| Defendant(s). | |

Before the court is Plaintiffs' motion to compel production of an email sent by counsel for Defendant Electronic Arts, Inc., to the NFL's outside counsel.[1] Defendant has refused to produce the email in question, arguing that the email is protected from disclosure by the work product doctrine.[2] Plaintiffs argue that the work product doctrine does not apply to this email, or that any protection was waived because the email was sent to a third party (the NFL) who does not share a common legal interest

---

[1] The NFL is not a party to this action.

[2] I have reviewed the document *in camera*.

1

with Plaintiffs. Specifically, Plaintiffs argue that the NFL is not a party to this action and faces no legal liability based on the outcome of this lawsuit. Accordingly, Plaintiffs maintain that the only shared interest between the NFL and Defendant pertains to a business interest, which the work product doctrine does not recognize for purposes of the common interest exception. (See Pl.'s Mot. at p. 5.) Defendant argues that it does in fact share a common legal interest with the NFL because Plaintiffs' complaint seeks to enjoin certain licensing agreements between Defendant and various third parties, including the NFL, as "unlawful and anticompetitive" and suggests that Defendant "conspired" to restrain trade by, in part, entering into a licensing agreement with the NFL, suggesting that the NFL is Defendant's unnamed co-conspirator.

The work product doctrine extends beyond confidential communications between the attorney and client to any document prepared by an attorney in anticipation of litigation. See generally Hickman v. Taylor, 329 U.S. 495, 511 (1947). The protection is intended to allow an attorney to "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Id. Materials that contain the impressions, conclusions or theories of counsel constitute work product. See Id. Here, the email in question was prepared by counsel for Defendant in response to the antitrust suit filed against Defendant. Because the email was prepared in anticipation of actual litigation and contains defense counsel's legal analyses/strategies, it is protected by the work product doctrine.

Nor has the work product doctrine been waived. Work product protection is waived where disclosure of the otherwise protected document is made to a third party, and that disclosure enables an adversary to gain access to the information. See McMorgan & Co. v. First Cal. Mortg., 931 F. Supp. 703 (N.D. Cal. 1996). Here, Defendant argues it did not waive the protection by sending the email in question to counsel for the NFL because Defendant and the NFL share a common interest. Plaintiffs argue that the common interest shared by Defendant and the NFL is only pecuniary and is therefore insufficient to maintain the work product protection and that because there were subpoenas outstanding to the NFL that sought all communications between it and Defendant, Defendant could not have reasonably expected that the email would not have made it into Plaintiffs' possession.

The common interest doctrine is a narrow exception to the rule of waiver that provides that disclosure to a third party does not waive work product protection where the third party shares a common interest with the disclosing party that is adverse to that of the party seeking the discovery. See U.S. v. Bergonzi, 216 F.R.D. 487, 495 (N.D. Cal. 2003). Plaintiffs' contention that the common interest must be a legal interest and not a business interest is not well taken. (Pl.'s Mot. at pp. 4, 5 (citing Elan Microelectronics Corp. v. Apple, Inc., 2011 U.S. Dist. LEXIS 87989 (N.D. Cal. Aug. 8, 2011).) While many courts have held that to not waive a privilege, such as the attorney-client privilege, the common interest that parties must share has to have a legal

1 component, this is not the case with the work product
2 doctrine. See, e.g., Sheets v. Ins. Co. of N. Am., Case No.
3 04-00058, 2005 U.S. Dist. LEXIS 27060 (W.D. Va. Nov. 8, 2005);
4 Cellco P'ship v. Nextel Commun., Inc., Case No. 03-725, 2004
5 U.S. Dist. LEXIS 12717, 2004 WL 1542259, at *1 (S.D.N.Y. July
6 7, 2004). Thus, even if I were to find that the sole shared
7 interest between Defendant and the NFL were commercial or
8 financial in nature, that shared interest would be sufficient
9 to maintain the work product protection over the email at
10 issue.[3] The fact that Defendant and the NFL have entered into
11 a joint defense agreement is further evidence that Defendant
12 did not waive work product protection. See, e.g., U.S. v.
13 American Tel. and Tel. Co., 642 F.2d 1285, 1299-1300 (D.C.
14 Cir.1980) ("'[C]ommon interests' should not be construed as
15 narrowly limited to co-parties. So long as the transferor and
16 transferee anticipate litigation against a common adversary on
17 the same issue or issues, they have strong common interests in
18 sharing the fruit of trial preparation efforts. Moreover,
19 with common interests on a particular issue against a common
20 adversary, the transferee is not at all likely to disclose the
21 work product material to the adversary. When the transfer is
22 to a party with such common interests is conducted under a
23 guarantee of confidentiality, the case against waiver is even
24 stronger."); see also, Blanchard v. Edgemark Fin. Corp., 192
25 F.R.D. 233 (N.D. Ill. 2000) (noting that a confidentiality

---

[3] Many of the cases cited by the parties conflate the application of the common interest exception to waiver of the attorney-client privilege with waiver of the work product doctrine.

4

1  agreement militated against a finding of waiver).

2  Here, at a minimum, Defendant has shown that it and the
3  NFL share a common financial or commercial interest. They
4  also share a common interest in formulating a legal strategy
5  to defend against this lawsuit, despite the fact that the NFL
6  is not currently a party, since Plaintiffs have alleged that
7  Defendant "conspired" to restrain trade by, in part, entering
8  into a licencing agreement with the NFL and are seeking to
9  enjoin that arrangement. For the foregoing reasons,
10 Plaintiffs' motion is **DENIED**.

11 Dated: December 1, 2011

        Bernard Zimmerman
        United States Magistrate Judge

G:\BZALL\-REFS\PECOVER V. ELECTRONIC ARTS\ORDER ON MOTION TO COMPEL EMAIL V2.wpd

5