1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 12  GEOFFREY PECOVER and ANDREW OWENS, | Case No.  12-mc-80064 CW (NC) *Related to* 08-cv-02820 CW (NC) |
| 13   Plaintiffs, | |
| 14   v. | **ORDER DENYING MOTION FOR PROTECTIVE ORDER** |
| 15  ELECTRONIC ARTS, INC., | Re: Dkt. No. 1 |
| 16   Defendant. | |
| 17 | |

18

19          Nonparty Michael S. Drucker moves for a protective order quashing a subpoena issued by

20   plaintiffs in *Pecover v. Electronic Arts*, No. 08-cv-02820 CW, that compels his appearance and

21   testimony in his capacity as an individual at a deposition.  Drucker argues that the proposed

22   deposition would be unduly burdensome and unreasonably duplicative because he already was

23   deposed by plaintiffs in this action as nonparty Collegiate Licensing's witness under Rule

24   30(b)(6).  The Court finds that this motion is appropriate for determination without oral argument;

25   accordingly, the hearing currently scheduled for March 28, 2012, is VACATED.  *See* Civil L.R.

26   7-1(b).  Because Drucker has not been deposed yet in his individual capacity and the topics to be

27   covered during the proposed deposition were not covered during Drucker's 30(b)(6) deposition,

28   Drucker's motion for a protective order is DENIED.

**I. BACKGROUND**

**A.      Summary of Plaintiffs' Claims in *Pecover v. Electronic Arts***

Plaintiffs Geoffrey Pecover and Andrew Owens bring this putative class action against defendant Electronic Arts for allegedly entering into anticompetitive licensing agreements with several nonparties in violation of the Sherman Act and related state laws.  Case No. 08-cv-02820 CW, Dkt. No. 252, Am. Compl.  These agreements allegedly allowed Electronic Arts, which is a creator of interactive football software, (1) to become the exclusive producer of interactive football software for the NCAA, the NFL, and the Arena Football League, (2) to acquire a monopoly in the interactive football software industry, and (3) to raise the prices of its products.  *Id.* ¶¶ 4, 8, 13-18, 29-39.

Nonparty Collegiate Licensing is not mentioned in plaintiffs' amended complaint.

**B.      Drucker's Prior Testimony as Collegiate Licensing's 12(b)(6) Witness**

Plaintiffs allege that Collegiate Licensing is "the licensing representative for the NCAA and NCAA institutions utilized in Electronic Arts' games" and is therefore "a key fact witness" in this action.  Pls.' Opp. at 4.  Plaintiffs deposed Michael Drucker on October 22, 2009, as Collegiate Licensing's witness under Rule 30(b)(6).  Drucker's Mot., Ex. 2, Boyle Decl., Ex. F, Dep. Tr.  Drucker is Collegiate Licensing's in-house attorney.  Drucker's Mot. at 1.  The topics covered during Drucker's deposition included (1) the methods employed by Collegiate Licensing in identifying and producing documents and other topics relating to Collegiate Licensing's document production; (2) any contracts or licenses between Collegiate Licensing and Electronic Arts relating to Electronic Arts' "interactive football software," including negotiations between the parties with respect to such contracts and "the motivations for the parties in entering into the relevant contracts."  *Id.*, Ex. E, Subpoena to Collegiate Licensing.  This deposition lasted approximately one hour.  Drucker's Mot. at 5.  Counsel for plaintiffs did not request a continuance of the deposition.

**C.      Motion at Issue**

On December 2, 2011, plaintiffs issued a subpoena to Michael Drucker commanding him to appear for a deposition in his capacity as an individual in Atlanta, Georgia, on January 26,

1  2012.  Drucker's Mot., Ex. 2, Boyle Decl., Ex. P, Subpoena to Drucker.

2          Drucker moves for a protective order to quash plaintiffs' subpoena, arguing that the

3  proposed deposition would be unduly burdensome and unreasonably duplicative, as he already

4  was deposed by plaintiffs in this action and a second deposition would be of marginal value.

5  Drucker claims that plaintiffs seek to depose him with respect to "the exact same topics" that

6  were covered during his deposition in 2009, and that the time and expense required to prepare for

7  a second deposition would impose an undue burden on him.  Drucker's Mot. at 11-13.  Drucker

8  also notes that plaintiffs failed to obtain leave of court before noticing the deposition at issue as

9  Rule 30 requires when the parties do not stipulate to the deposition and the deponent already has

10 been deposed in the case.  *Id.* at 8.

11         Plaintiffs oppose the motion, arguing that they are entitled to depose Drucker on the

12 "numerous misleading statements" he made in a declaration he voluntarily filed on behalf of

13 Electronic Arts on February 17, 2010.  Pls.' Opp. at 1, 5.  Plaintiffs claim that this declaration,

14 which was filed after they deposed Drucker in 2009, touches on "numerous topics" that were not

15 covered during Drucker's first deposition, such as (1) Collegiate Licensing's negotiations with

16 videogame companies other than Electronic Arts, (2) the products Collegiate Licensing considers

17 to be competitors to Electronic Arts' football video games, (3) Electronic Arts' development

18 spending as a result of its exclusive licenses, (4) Collegiate Licensing's decision to grant an

19 exclusive license to Electronic Arts for basketball, and (5) the location of licensing-agreement

20 negotiations.  *Id.* at 5-6.  Plaintiffs seek to depose Drucker with respect to Drucker's declaration

21 because its contents are relevant to the definition of the market in which Electronic Arts

22 competes, and because plaintiffs believe Electronic Arts will use the declaration in its motion for

23 summary judgment later this year.  *Id.* at 10, 6.  Plaintiffs contend that their second deposition of

24 Drucker will be "limited to the seven hour period provided for by the federal rules of civil

25 procedure."  *Id.* at 12.

26 *//*

27

28

## II. STANDARD OF REVIEW

A nonparty may be commanded by subpoena to appear and testify at a deposition. FED. R. CIV. P. 45(a). A party seeking to depose another person must obtain leave of court if the parties have not stipulated to the deposition and the deponent already has been deposed in the case. FED. R. CIV. P. 30(a)(2)(A)(ii). A court must grant leave to the extent consistent with Rule 26(b)(2). *Id.* Rule 26(b)(2) provides that a court must limit the frequency or extent of discovery otherwise allowed if it determines that (1) the discovery sought is unreasonably duplicative or can be obtained from a source that is more convenient, (2) the party seeking discovery has had "ample opportunity" to obtain the information by discovery in the action, or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C).

## III. DISCUSSION

The Court finds that Drucker's proposed deposition, if restricted to three hours and to topics not previously asked of Drucker, would not be unreasonably duplicative or unduly burdensome as Drucker claims. First, the topics that plaintiffs intend to cover during the deposition were not covered during Drucker's deposition as Collegiate Licensing's 12(b)(6) witness, so the information that plaintiffs seek to obtain is not duplicative.[1] Second, the time and expense that Drucker will require to prepare for the deposition is outweighed by the likely benefit of the information plaintiffs seek to obtain, as this information is directly relevant to the parameters of the market that Electronic Arts allegedly monopolized and the mechanisms through which Electronic Arts achieved the anticompetitive effects alleged in plaintiffs' complaint. Third, plaintiffs did not need to obtain leave of court to notice the proposed deposition; Rule

---

[1] *Compare* topics covered during Drucker's 12(b)(6) deposition ((1) the methods employed by Collegiate Licensing in identifying and producing documents and other topics relating to Collegiate Licensing's document production; (2) any contracts or licenses between Collegiate Licensing and Electronic Arts relating to Electronic Arts' "interactive football software," including negotiations between the parties with respect to such contracts and "the motivations for the parties in entering into the relevant contracts") *with* topics to be covered during Drucker's proposed deposition ((1) Collegiate Licensing's negotiations with videogame companies other than Electronic Arts, (2) the products Collegiate Licensing considers to be competitors to Electronic Arts' football video games, (3) Electronic Arts' development spending as a result of its exclusive licenses, (4) Collegiate Licensing's decision to grant an exclusive license to Electronic Arts for basketball, and (5) the location of licensing-agreement negotiations).

1   30(a)(2)(A)(ii) is inapplicable to it because Drucker has not been deposed yet in his individual

2   capacity in this case.  When Drucker was deposed as Collegiate Licensing's witness under Rule

3   30(b)(6), his testimony was in fact the testimony of Collegiate Licensing.  *See* Fed. R. Civ. P.

4   30(b)(6) (noting that when a party notices a deposition under 30(b)(6), "the named organization

5   must then designate one or more officers, directors, or managing agents, or designate other

6   persons who consent *to testify on its behalf*") (emphasis added).  The testimony Drucker will

7   provide during the propose deposition will be his own, as plaintiffs seek to depose him in his

8   individual capacity.

9                                      **IV. CONCLUSION**

10          As Drucker's proposed deposition would not be unduly burdensome or unreasonably

11  duplicative, Drucker's motion for a protective order quashing the subpoena that compels his

12  appearance and testimony at the deposition is DENIED.

13          On or before April 25, 2012, plaintiffs may depose Drucker in his individual capacity on

14  the following topics: (1) Collegiate Licensing's negotiations with videogame companies other

15  than Electronic Arts, (2) the products Collegiate Licensing considers to be competitors to

16  Electronic Arts' football video games, (3) Electronic Arts' development spending as a result of its

17  exclusive licenses, (4) Collegiate Licensing's decision to grant an exclusive license to Electronic

18  Arts for basketball, and (5) the location of the relevant licensing-agreement negotiations.

19  Drucker's deposition may last no more than three hours.

20          IT IS SO ORDERED.

21

22  Date: March 20, 2012                      _____
                                              Nathanael M. Cousins
23                                            United States Magistrate Judge

24

25

26

27

28