IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEOFFREY PECOVER; and ANDREW OWENS, on behalf of themselves and all others similarly situated,

        Plaintiffs,

   v.

ELECTRONIC ARTS, INC., a Delaware Corporation,

        Defendant.

_____/

No. C 08-2820 CW

ORDER CONCERNING DUTIES AND INSTRUCTIONS FOR COURT-APPOINTED TECHNICAL ADVISOR AND MODIFYING THE CASE SCHEDULE

The Court hereby notifies the parties of its intent to appoint Dr. Tim Bresnahan as the Court's Technical Advisor regarding economic issues in this antitrust case, if Dr. Bresnahan accepts the appointment.  The Court further instructs Dr. Bresnahan regarding his duties and role as Technical Advisor.

BACKGROUND

At the hearing on January 19, 2012, this Court directed the parties to meet and confer regarding the advisability of having a Court-appointed expert who would advise the Court on the economic issues in this case but would not testify to the jury.  The Court instructed the parties to consider candidates for such an appointment, the subject matter on which the expert would assist and what role the expert might perform.  The Court noted that it might require expert advice to assist it in resolving the parties' competing expert testimony to rule on Defendant Electronic Arts, Inc.'s anticipated motion to de-certify the class prior to its summary judgment motion.

On March 12, 2012, the parties filed a joint letter with the Court.  In the letter, the parties identified five candidates, three of whom were selected by Defendant and two of whom were selected by Plaintiffs.  Plaintiffs stated that they would accept one of Defendant's selections, Dr. Steven Salop.  Defendant in turn recognized that any of the five candidates, including the two proposed by Plaintiffs, were "highly qualified" and "would be a valuable resource for the Court."  Joint Letter at 5.  While Defendant believes that appointment of a neutral economist is "appropriate and reasonable," id. at 3, Plaintiffs argue that the Court will be able to address adequately the issues presented in this case without expert assistance.

LEGAL STANDARD

"When outside technical expertise can be helpful to a district court, the court may appoint a technical advisor."  FTC v. Enforma Natural Prods., 362 F.3d 1204, 1213 (9th Cir. 2004) (citing Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 590 (9th Cir. 2000) (en banc)).  "A technical advisor is a tutor who aids the court in understanding the 'jargon and theory' relevant to the technical aspects of the evidence."  Id. (quoting Reilly v. United States, 863 F.2d 149, 158 (1st Cir. 1988)).  "The role of a technical advisor is to organize, advise on, and help the court understand relevant scientific evidence."  Id. (citing Ass'n of Mexican-American Educators, 231 F.3d at 590).

As an advisor to the Court, the role played by a technical advisor is distinct from that of an expert witness.  "A technical advisor may not assume the role of an expert witness by supplying new evidence; nor may an advisor usurp the role of the judge by

making findings of fact or conclusions of law." Id. (citing A&M Records, Inc. v. Napster, Inc., 284 F.3d 1091, 1097 (9th Cir. 2002); Reilly, 863 F.2d at 155). Because of this distinction, "[t]echnical advisors, acting as such, are not subject to the provisions of Rule 706, which govern court-appointed expert witnesses." Id.

While the Ninth Circuit does "not require strict adherence to any specific procedures regarding technical advisors," it has endorsed certain "procedural steps . . . to assure the parties that the court is proceeding openly and fairly appointing such individuals." FTC, 362 F.3d at 1214-1215. These steps are to

> (1) utilize a fair and open procedure for appointing a neutral technical advisor;
> (2) address any allegations of bias, partiality, or lack of qualification;
> (3) clearly define and limit the technical advisor's duties;
> (4) make clear to the technical advisor that any advice he or she gives to the court cannot be based on any extra-record information; and
> (5) make explicit, either through an expert's report or a record of ex parte communications, the nature and content of the technical advisor's advice.

Id. (citing Ass'n of Mexican-American Educators, 231 F.3d at 611-14 (Tashima, J., dissenting)).

DISCUSSION

Based on the complexity of the economic issues and theories presented, especially related to injury and damages, the Court finds that outside technical advice would be helpful in proceeding in this case.

United States District Court
For the Northern District of California

I.    Identity of the Technical Advisor

If he chooses to accept the position, the Court selects Dr. Tim Bresnahan of Stanford University as its Technical Advisor.

Plaintiffs proposed Dr. Bresnahan, and Defendant indicated that Dr. Bresnahan was highly qualified to serve in this capacity. The parties have already had the opportunity to consider and raise disputes regarding potential biases or conflicts and have not identified any such disputes.

In order to accept this appointment, Dr. Bresnahan must give his consent to serve as the Court-appointed expert in this case, and must acknowledge his responsibility to discharge his duties in accordance with the instructions set forth in this order, by signing in the designated space below and returning the signed original to the Court in the enclosed envelope.

II.   Payment of the Technical Advisor

Plaintiffs state that it would be "almost cost-prohibitive" if they were required to split the costs of paying for a neutral expert with Defendant.  Joint Letter at 9.  Defendant "leaves it to the Court's discretion whether the neutral's fees . . . should be paid equally by the parties or entirely by EA."  Id. at 5 n.9. While the parties do not provide the Court with an estimate of Dr. Bresnahan's rates, Plaintiffs state that the hourly rates charged by the various economists proposed by the parties range from $650 to $1,250 per hour.  Id. at 9.  Plaintiffs also state that the rates charged by their proposed economists, including Dr. Bresnahan, "fall at the lower end of this spectrum."  Id. at 9 n.20.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

The Court orders that Defendant shall pay for ninety percent of Dr. Bresnahan's fees and expenses, and Plaintiffs will share equally the other ten percent.  The parties will deposit a retainer totaling $30,000 in one of its counsel's trust account; the retainer shall be apportioned in the same manner as the fees and expenses.

III. Duties of the Technical Advisor

As the Court's Technical Advisor, Dr. Bresnahan shall serve as a neutral, independent advisor to the Court on the economics at issue in this litigation.  His duties shall be to organize, advise on, and help the Court understand relevant economic evidence and theories presented by the parties and their experts at various stages of this litigation, including class certification, summary judgment and trial.

IV.  Materials to be Provided to the Technical Advisor

Within five days of the date of the order appointing him as the Technical Advisor, the parties shall provide Dr. Bresnahan with copies of the following materials, both in electronic format and in organized binders that are labeled and tabbed:

1.    The operative complaint;

2.    The operative answer;

3.    The Court's Order of December 21, 2010 granting in part and denying in part Plaintiffs' motion for class certification;

4.    The expert reports and declarations of the parties' economists; and

5.    Complete transcripts for the depositions of the parties' economists.  If the transcripts are not yet available, the parties

shall provide them to Dr. Bresnahan within five days of the date
on which the parties receive them.

The parties will provide additional materials to Dr.
Bresnahan during the course of the litigation.  Those materials
will include the following:

1.   The parties' briefs and supporting materials filed in
relation to Defendant's motion to de-certify the class,
Defendant's motion for summary judgment and the parties' Daubert
motions, on the date they are filed with the Court; and

2.   The parties' pretrial documents, on the date they are
filed with the Court.

The parties shall not send Dr. Bresnahan any additional
material that is not already in the record, unless by stipulation
or Court order.

V.   Instructions to the Technical Advisor

1.   Any advice provided to the Court by Dr. Bresnahan will
not be based on any extra-record information.

2.   To the extent that the Court may ask Dr. Bresnahan to
prepare formal written reports providing technical advice
concerning the case, copies of the formal written reports prepared
by Dr. Bresnahan shall be provided to the parties and filed in the
docket of this case.  However, the Court reserves the right to
have informal verbal communications with Dr. Bresnahan which are
not included in any formal written report.

3.   Dr. Bresnahan shall provide formal written reports on
any challenges under Daubert v. Merrell Dow Pharmaceuticals, 509
U.S. 579 (1993), filed by either party, any motion to de-certify
the class, motions for summary judgment, and any other matters on

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

which the Court may request a written report. After reviewing the materials provided to him, Dr. Bresnahan will prepare an expert report, containing a statement of his evaluations and the reasons for his evaluations. The Court is looking for a basic statement of Dr. Bresnahan's evaluations of the expert reports and supporting evidence submitted by the parties. Although he may look to other such reports for guidance as to formatting and standard content, no specific format is required.

4. Dr. Bresnahan shall attend the motion hearings in the case. He shall attend relevant portions of the ten-day trial that is scheduled to commence on October 29, 2012, if the Court requests that he do so.

5. Dr. Bresnahan may review any pleadings, motions or documents submitted to the Court.

6. As a technical advisor, Dr. Bresnahan will make no written findings of fact and will not supply any evidence to the Court. Thus, Dr. Bresnahan will be outside the purview of "expert witnesses" under Federal Rule of Evidence 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Dr. Bresnahan. See Ass'n of Mexican-American Educators, 231 F.3d at 591 ("Rule 706 applies to court-appointed expert witnesses, but not to technical advisors . . . ").

7. Dr. Bresnahan will have no contact with any of the parties or their counsel except for billing purposes.

8. Dr. Bresnahan shall bill at his usual hourly rate. He shall issue statements to the parties and draw from the trust

1  account every fifteen (15) days for his performance of the

2  appointment.

3      9.   Dr. Bresnahan shall report to the Court on a periodic

4  basis, every sixty (60) days, regarding the state of his fees and

5  expenses and make a recommendation to the Court as to whether the

6  trust account needs additional deposits from the parties as the

7  case progresses.  All matters pertaining to the fees of Mr.

8  Bresnahan are referred to Magistrate Judge Cousins.

9  VI.  Case Schedule

10     If Defendant files a motion to de-certify the class, it shall

11 do so at the same time that it files its motion for summary

12 judgment; both motions shall be contained in a single brief.  Any

13 Daubert motions shall also be contained within the parties' briefs

14 on their dispositive motions.

15     To allow the Technical Advisor to review the documents filed

16 by the parties and file a written report advising the Court on

17 both motions and to maintain adequate time between the dispositive

18 motion hearing and the trial date, the Court finds good cause to

19 modify the case schedule as follows:

| | |
|---|---|
| Deadline for Plaintiffs to file their motion for summary judgment, if any, and their Daubert motion, to be contained in a single brief of twenty-five pages or less. | 05/31/2012 |
| Deadline for Defendant to file its cross-motion for summary judgment, its motion to decertify the class, its Daubert motion, and its opposition to Plaintiffs' motion for summary judgment, to be contained in a single brief of thirty-five pages or less. | 06/14/2012 |
| Deadline for Plaintiffs to file their reply in support of their motion for summary judgment, if any, and Daubert motion, and their opposition to Defendant's motions for summary judgment and to decertify the class, to be | 06/21/2012 |

United States District Court
For the Northern District of California

8

| | |
|---|---|
| contained in a single brief of twenty-five pages or less. | |
| Deadline for Defendant to file its reply in support of its motion for summary judgment, its motion to de-certify the class and its <u>Daubert</u> motion, to be contained in a single brief of fifteen pages or less. | 06/28/2012 |
| Due date for formal written report of Technical Advisor addressing the parties' <u>Daubert</u> challenges, the parties' cross-motions for summary judgment, and Defendant's motion to de-certify the class | 7/12/2012 |
| Hearing on all motions and further case management conference | 7/26/2012 at 2:00 p.m. |
| Final Pretrial Conference<br>All pretrial deadlines are advanced one week before the deadlines contained in the Court's Order for Pretrial Preparation.  All pretrial documents, including motions in limine, shall be filed one week earlier than the dates provided in the Court's Order for Pretrial Preparation, to allow the Technical Advisor to review them and advise the Court thereon. | 10/16/2012 at 2:00 p.m. |
| Ten-day Jury Trial | 10/29/2012 at 8:30 a.m. |

IT IS SO ORDERED.

Dated: March 23, 2012

_____
CLAUDIA WILKEN
United States District Judge

CONSENT

I consent to serve as the Court's Technical Advisor in <u>Pecover v. Electronic Arts</u>, Case No. 08-2820, and will discharge my duties in accordance with the instructions provided to me by the Court.

Dated: _____

_____
DR. TIM BRESNAHAN