1   **LATHAM & WATKINS LLP**
    Daniel M. Wall (Bar No. 102580)
2   Timothy L. O'Mara (Bar No. 212731)
    505 Montgomery Street, Suite 2000
3   San Francisco, California 94111-6538
    Telephone: (415) 391-0600
4   Facsimile: (415) 395-8095
    Email: Dan.Wall@lw.com
5   Email: Tim.OMara@lw.com

6
    Attorneys for Defendant
7   ELECTRONIC ARTS INC.

8

                    UNITED STATES DISTRICT COURT

9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          OAKLAND DIVISION
11

12  | GEOFFREY PECOVER and ANDREW | CASE NO. C 08-02820 CW |
    | OWENS, on Behalf of Themselves and A | |
13  | Class of Persons Similarly Situated, | STIPULATION AND AGREEMENT OF CLASS |
    | | ACTION SETTLEMENT AND RELEASE |
14  | | |
    | Plaintiffs, | Action Filed: June 5, 2008 |
15  | | Judge: The Honorable Claudia Wilken |
    | v. | |
16  | | |
17  | ELECTRONIC ARTS INC., | |
18  | | |
    | Defendant. | |
19  | | |

20

21

22

23

24

25

26

27

28

# STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT AND RELEASE

This Stipulation and Agreement of Class Action Settlement and Release ("Settlement Agreement" or "Agreement") is entered into by, between, and among (i) Geoffrey Pecover and Andrew Owens ("Named Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in paragraph 1(ee) below) (collectively, "Plaintiffs"), and (ii) Electronic Arts Inc. ("EA"). Plaintiffs and EA are each a "Party" and collectively referred to herein as "the Parties."

This Agreement shall apply to all Settlement Class Members. This Agreement is entered into in order to effect a full and final settlement and dismissal with prejudice of all claims against EA in *Pecover, et al. v. Electronic Arts Inc.*, Case No. C 08-02820 CW (N.D. Cal.) (the "Lawsuit"), and to fully and finally compromise, resolve, discharge and settle the Released Claims on the terms set forth below, and to the full extent reflected herein, subject to the approval of the Court.

## RECITALS

WHEREAS, on June 5, 2008, Plaintiffs brought the above-captioned Lawsuit on behalf of themselves and a proposed class of persons in the United States who purchased EA's interactive football software, excluding software for mobile devices, with a release date of January 1, 2005 to the present;

WHEREAS, Plaintiffs allege generally, among other things, that EA monopolized an alleged market for interactive football software by entering into "exclusive" trademark licenses with the National Football League and its Players' Association, the Arena Football League, the Collegiate Licensing Company, and the National Collegiate Athletic Association;

WHEREAS, EA denies the allegations in the Lawsuit, denies that it has engaged in any wrongdoing, denies that there is a relevant market limited to "interactive football videogames," and denies that it ever charged supra-competitive prices for its videogames;

WHEREAS, on November 9, 2009, Plaintiffs filed a motion and supporting memorandum of law for certification of the class sought in the complaint;

WHEREAS, after discovery and briefing by the Parties, on December 21, 2010, the Court

granted the Plaintiffs' motion for certification of a class.[1]  The class includes "[a]ll persons in the United States who purchased Electronic Arts' Madden NFL, NCAA or Arena Football League brand interactive football software, excluding software for mobile devices, ('Relevant Software') with a release date of January 1, 2005 to the present."[2]  Excluded from the class are (i) persons purchasing directly from EA; (ii) persons purchasing used copies of the Relevant Software, and (iii) EA's employees, officers, directors, legal representatives, and wholly or partly owned subsidiaries or affiliated companies[3];

WHEREAS, the Stipulation and Order Approving Class Notice Plan was entered by the Court on February 22, 2011.[4]  The Stipulation and Order Approving Amended Class Notice Plan was entered on July 12, 2011.[5]  Pursuant to the February, 22, 2011 Order Approving Class Notice Plan, ECF No. 210, the deadline for class members to exclude themselves from the class was June 25, 2011.  Pursuant to the February 22, 2011 Order Approving Class Notice Plan, ECF No. 210, and the July 12, 2011 Order Approving Amended Class Notice Plan, ECF No. 257, the opt-out list was filed on July 25, 2011;

WHEREAS, Class Counsel conducted an extensive investigation relating to the allegations of wrongdoing in the Lawsuit, the alleged damages suffered by the class, and the defenses asserted by EA.  In connection therewith, Class Counsel reviewed approximately 1,987,345 pages of documents produced by EA and 227,325 pages of documents produced by third parties, and have made additional inquiry as to pertinent facts, including through the taking of depositions and consultation with experts and consultants.  As part of this investigation, Class Counsel served interrogatories and document requests upon EA and various third parties, reviewed and analyzed EA's responses to the interrogatories and document requests, reviewed

---

[1]  *See* Order, Pecover v. Electronic Arts Inc., No. 08-02820 (N.D. Cal. Dec. 21, 2010), ECF No. 198.

[2]  *Id*. at 17.

[3]  *Id*. at 17-18 n.2

[4]  *See* Stipulation and Order Approving Class Notice Plan, *Pecover v. Electronic Arts Inc.*, No. 08-02820 (N.D. Cal. Dec. 21, 2010), ECF No. 210.

[5]  *See* Stipulation and Order Approving Amended Class Notice Plan, *Pecover v. Electronic Arts Inc.*, No. 08-02820 (N.D. Cal. Dec. 21, 2010), ECF No. 257.

and analyzed over two million pages of documents produced in this Lawsuit, and responded to approximately 1,295 requests for admissions. Further, the Parties conducted twenty-five depositions of fact and expert witnesses, and engaged experts who have issued reports concerning the issues pertinent to Plaintiffs' claims in the Lawsuit, including the damages that Plaintiffs would seek to prove at any trial in the Lawsuit;

WHEREAS, the Named Plaintiffs and Class Counsel believe that the settlement provides a favorable monetary recovery for the Settlement Class, based on the claims asserted, the evidence developed, and the damages that might be proven against EA in the Lawsuit. The Named Plaintiffs and Class Counsel further recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Lawsuit against EA through trial and appeals. They have also considered the uncertain outcome and the risk of any litigation, especially in complex litigation such as this Lawsuit, as well as the difficulties and delays inherent in any such litigation. They are also mindful of the inherent problems of proof and the strength of the defenses to the alleged claims, and therefore believe that it is desirable that the Released Claims (defined in paragraph 1(aa) below) be fully and finally compromised, settled, and resolved with prejudice and enjoined as set forth herein;

WHEREAS, the Named Plaintiffs and Class Counsel have examined the benefits to be obtained under the terms of this Settlement Agreement, have considered the risks associated with the continued prosecution of the Lawsuit and the likelihood of success on the merits of the Lawsuit, and believe that, after considering all of the circumstances, the proposed settlement set forth in this Settlement Agreement is fair, reasonable, adequate, in the best interests of the Named Plaintiffs and the Settlement Class, and confers substantial benefits upon the Settlement Class;

WHEREAS, EA denies that it has committed any act or omission giving rise to any liability and/or violation of law, and states that it is entering into this Settlement Agreement solely to eliminate the uncertainties, burden, and expense of further protracted litigation;

WHEREAS, the Parties further agree that the Settlement Agreement, the fact of this Settlement, any of the terms in the Settlement Agreement, and any documents filed in support of

the settlement shall not constitute an admission or finding of (i) wrongdoing, (ii) violation of any statute or law, or (iii) liability on the claims or allegations in the Lawsuit on the part of any Releasees (defined in paragraph 1(bb) below), and shall not be used for any purpose in any legal proceeding, including but not limited to arbitrations, other than a proceeding to enforce the terms of the Settlement Agreement, for any purpose whatsoever;

WHEREAS, the Parties agree and understand that neither this settlement nor this Settlement Agreement shall be construed as, or be admissible as, an admission by EA that the Plaintiffs' claims or any similar claims are suitable for class treatment; and

WHEREAS, the Parties desire to compromise and settle all issues and claims that have been brought or could have been brought against EA in the Lawsuit.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED**, by Named Plaintiffs, for themselves and on behalf of the Settlement Class, and EA that, subject to the approval of the Court, this Lawsuit shall be settled, compromised, and dismissed, on the merits and with prejudice, and the Released Claims shall be finally and fully compromised, settled, and dismissed as to the Released Parties, in the manner and upon the terms and conditions hereafter set forth:

**I.**     **Definitions**

1.     The following terms, used in this Settlement Agreement, shall have the meanings specified below:

a.     "Authorized Claimant" means any member of the Settlement Class who submits a Claim that is allowed pursuant to the terms of this Settlement Agreement.

b.     "Bar Date" is the final date by which a Claim Form must be received by the Notice and Claims Administrator in order for a Settlement Class Member to be entitled to any of the settlement consideration set forth in this Settlement Agreement. The Bar Date shall be specifically identified and set forth in the Preliminary Approval Order and the Class Notice.

c.     "Claim" means the submission to be made by Settlement Class Members, on the Claim Form.

d.     "Claim Form" means the claim form substantially in the form attached

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

hereto as Exhibit E, which must be submitted to the Notice and Claims Administrator no later than the Bar Date in order for a Settlement Class Members to recover one of the monetary benefits described in paragraph 14 of this Settlement Agreement.

e. "Class Counsel" means the law firms of Hagens Berman Sobol Shapiro LLP and The Paynter Law Firm PLLC.

f. "Class Notice" means the notice of settlement to be provided to the Settlement Class pursuant to Federal Rule of Civil Procedure 23, the Preliminary Approval Order, and this Settlement Agreement.

g. "Class Period" means the period of January 1, 2005 through June 21, 2012.

h. "Court" means the United States District Court for the Northern District of California.

i. "District Court Approval" means the entry of the Judgment approving this Settlement Agreement.

j. "EA" means Electronic Arts Inc.

k. "Effective Date" means seven (7) business days following the date that the Judgment is Final.

l. "Escrow Account" means the bank account maintained by the Escrow Agent into which the Settlement Fund shall be deposited.

m. "Escrow Agent" means The Huntington National Bank.

n. "Exclusion/Objection Deadline" means the final date by which a Settlement Class Member may either (a) object to any aspect of the Settlement (pursuant to the Preliminary Approval Order and paragraph 26 of this Settlement Agreement), or (b) request to be excluded from the Settlement (pursuant to the Preliminary Approval Order and paragraph 27 of this Settlement Agreement). The Exclusion/Objection Deadline shall be specifically identified and set forth in the Preliminary Approval Order and the Class Notice.

o. "Fee and Expense Award" means the attorneys' fees and expenses as awarded by the Court pursuant to paragraph 13 below.

p. "Final," when referring to a judgment or order, means three (3) business days after (a) the judgment is a final, appealable judgment, and (b) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court—whether by appeal, petitions, rehearing or reargument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise—and that such appeal or other review has been finally resolved in such manner that affirms the judgment in all material respects.

q. "Judgment" means the judgment to be entered in the Lawsuit pursuant to paragraph 5 below of this Settlement Agreement.

r. "Lawsuit" means the action entitled *Pecover, et al. v. Electronic Arts Inc.*, Case No. C 08-02820 CW (N.D. Cal.).

s. "Named Plaintiffs" means Geoffrey Pecover and Andrew Owens.

t. "Net Settlement Fund" means the Settlement Fund less any taxes, attorneys' fees, participation awards, expert fees, costs, and expenses (including, but not limited to, any cost and expenses paid out of the Notice and Administration Fund) approved by the Court.

u. "Notice and Administration Fund" means the fund consisting of up to $500,000 advanced by EA to the Notice and Claims Administrator to be used at the direction of Class Counsel to pay the costs of notifying the Settlement Class, soliciting the filing of claims by Settlement Class Members, assisting Settlement Class Members in making their claims, and otherwise administering, on behalf of the Settlement Class Members, the Settlement embodied in this Settlement Agreement, as defined in paragraph 9(a) below. The monies in the Notice and Administrative Fund are part of the Settlement Amount to be paid by EA.

v. "Notice and Claims Administrator" means Gilardi & Co. LLC.;

w. "Parties" means: (i) Geoffrey Pecover and Andrew Owens (Named Plaintiffs), on behalf of themselves and the Settlement Class (as defined in paragraph 1(ee) below) (collectively, "Plaintiffs"), and (ii) EA.

x.     "Person" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

y.     "Plan of Allocation" means the plan for allocating the Net Settlement Fund between and among Settlement Class Members as approved by the Court.

z.     "Preliminary Approval Order" means the Order that Plaintiffs and EA will seek from the Court, as described in paragraphs 2-4 below.  Entry of a "Preliminary Approval Order" shall constitute "Preliminary Approval" of the Settlement Agreement.

aa.     "Released Claims" means any and all actions, causes of action, claims, demands, liabilities, obligations, damage claims, restitution claims, injunction claims, declaratory relief claims, fees (including attorneys' fees), costs, sanctions, proceedings and/or rights of any nature and description whatsoever, whether legal or equitable, including, without limitation, violations of any state or federal statutes and laws, rules or regulations, or principles of common law, whether known or unknown, suspected or unsuspected, had, possessed, owned or held, in law, equity, arbitration or otherwise, that were or could have been asserted by the Named Plaintiffs and/or the Settlement Class against Releasees based on, arising out of, or related to the allegations in the Lawsuit, including but not limited to any allegations that customers were overcharged for interactive football video games because of EA's exclusive agreements with trademark licenses with the National Football League and its Players' Association, the Arena Football League, the Collegiate Licensing Company, the National Collegiate Athletic Association, and/or ESPN.

bb.     "Released Parties" or "Releasees" means EA and all of its present, former, and future officers, directors, employees, agents, attorneys, insurers, insurance agents and brokers, independent contractors, successors, assigns, parents, subsidiaries, affiliates, shareholders, members, and legal representatives.

cc.     "Settlement" means the settlement of the Lawsuit between and among the Named Plaintiffs, the Settlement Class, and EA, as set forth in this Settlement Agreement.

dd.     "Settlement     Amount"     means     Twenty-Seven     Million     Dollars

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

($27,000,000.00).

ee. "Settlement Class" means all persons in the United States who purchased EA's *Madden NFL*, *NCAA Football* or *Arena Football League* brand interactive football software, excluding software for mobile devices, with a release date of January 1, 2005 to June 21, 2012. Excluded from the Settlement Class are (i) persons purchasing directly from EA; (ii) persons purchasing used copies of the relevant software, and (iii) EA's employees, officers, directors, legal representatives, and wholly or partly owned subsidiaries or affiliated companies.

ff. "Settlement Class Member" means any member of the Settlement Class who (i) does not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in this Settlement Agreement and the Preliminary Approval Order and (ii) who did not file a timely request for exclusion on or prior to June 25, 2011 and was included on the class member exclusion list filed with the Court on July 25, 2011 by Class Counsel.

gg. "Settlement Fund" means the Settlement Amount.

hh. "Seventh Generation Title" shall mean a unit of the following videogame titles sold new in the United States, for play on the videogame platforms identified, between January 1, 2005 and June 21, 2012: any *Madden NFL*, *NCAA Football* or *Arena Football* video game released for play on the Xbox 360, PlayStation 3 or Wii platforms.

ii. "Sixth Generation Title" shall mean a unit of the following videogame titles sold new in the United States, for play on the videogame platforms identified, between January 1, 2005 and June 21, 2012: any *Madden NFL*, *NCAA Football* or *Arena Football* video game released for play on the Xbox, PlayStation 2, PC or GameCube platforms.

## II. Submission of the Settlement Agreement to the Court for Approval

2. Promptly upon execution of the Settlement Agreement, the Parties shall apply to the Court for preliminary approval of the Settlement. The Parties will subsequently move for the scheduling of a hearing for consideration of final approval of the Settlement, and, in Class Counsel's discretion, the application for an award of attorneys' fees and expenses. The Parties and their counsel shall use their best efforts to obtain final District Court Approval of the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Settlement.

3.    The Parties have agreed upon the following documents to be submitted to the Court for its consideration along with this Settlement Agreement:  Preliminary Approval Order (Exhibit A), Notice of Settlement of Class Action (Exhibit B), Post Card Notice of Settlement of Class Action (Exhibit C), Summary Notice of Settlement of Class Action (Exhibit D), and Claim Form (Exhibit E).

4.    The Parties shall jointly apply to the Court for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, preliminarily approving the Settlement, and enjoining prosecution of any action or claims that are subject to the release and dismissal contemplated by this Settlement Agreement by any Settlement Class Member.

5.    At the hearing set by the Court to consider the adequacy, reasonableness, and fairness of the Settlement Agreement (the "Fairness Hearing"), the Parties shall jointly request entry of a Judgment, the entry of which is a material condition of this Settlement Agreement, barring and enjoining Plaintiffs and all Settlement Class Members from instituting or prosecuting against the Releasees any Released Claims, in this or any other action or proceeding, or from pursuing outside of this Lawsuit any claim against the Releasees that arises from or relates to the facts alleged in the complaint in this Lawsuit, and further:

a.    approving finally the Settlement as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to the terms of the Settlement Agreement;

b.    directing that the claims of the Settlement Class Members be dismissed with prejudice (and without an award of costs to any party other than those provided for in paragraph 13 of this Settlement Agreement), and releasing, as against each of the Released Parties, the Released Claims;

c.    permanently barring and enjoining the institution and prosecution, by Plaintiffs and Settlement Class Members, of any other action against the Releasees in any court asserting any Released Claims;

d.    dismissing the Lawsuit on the merits and with prejudice as against EA and

barring, as against EA and the other Released Parties, the Released Claims by the Plaintiffs and all Settlement Class Members;

e.       reserving jurisdiction over this Lawsuit, including all further proceedings concerning the administration, consummation, and enforcement of this Settlement Agreement;

f.       permanently barring, enjoining, and finally discharging all claims as provided for in paragraphs 20-25 of this Settlement Agreement; and

g.       containing such other and further provisions consistent with the terms of this Settlement Agreement to which the Parties expressly consent in writing.

6.       At the Fairness Hearing and as a part of the final approval of this Settlement, Class Counsel will also request approval of the Plan of Allocation set forth in paragraph 14, below, of this Settlement Agreement.  Any modification to the Plan of Allocation by the Court shall not (i) affect the enforceability of the Settlement Agreement, (ii) provide any of the Parties with the right to terminate the Settlement Agreement, or (iii) impose any obligation on EA to increase the consideration paid in connection with the Settlement.

7.       At the Fairness Hearing, Class Counsel may also request entry of an Order approving Class Counsels' application for an award of attorneys' fees and expenses.  Any award of attorneys' fees and expenses to Class Counsel shall be paid exclusively from the Settlement Fund, and may be payable thirty days after District Court Approval.  In no event shall EA otherwise be obligated to pay for any attorneys' fees and expenses.  The disposition of Class Counsels' application for an award of attorneys' fees and reimbursement of expenses is not a material term of this Settlement Agreement, and it is not a condition of this Settlement Agreement that such application be granted.  Any disapproval or modification of the application for an award of attorneys' fees and reimbursement of expenses by the Court shall not (i) affect the enforceability of the Settlement Agreement, (ii) provide any of the Parties with the right to terminate the Settlement Agreement, or (iii) impose any obligation on EA to increase the consideration paid in connection with the Settlement.

III.       **Settlement Consideration**

8.       The total monetary component of the Settlement is the Settlement Amount

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

($27,000,000.00). This is an "all in" number which includes, without limitation, all monetary benefits to the Settlement Class, participation awards for Named Plaintiffs, attorneys' fees, and all costs and expenses (including, but not limited to, administration costs and expenses, notice costs and expenses, and settlement costs and expenses). Under no circumstances will EA be required to pay anything more than the Settlement Amount. There is no possibility of any refunds or reversions to EA unless the Settlement is not approved by the Court. As of the Effective Date, EA shall not have any right to the return of the Settlement Fund, or any portion thereof, irrespective of the number of Claims filed or the amounts to be paid to Authorized Claimants from the Settlement Fund.

9. In full and complete settlement of (i) all claims asserted in the Lawsuit and (ii) all other Released Claims, EA shall pay into the Escrow Account, for the benefit of the Settlement Class, the Settlement Amount as follows:

a. within 30 days of entry of the Preliminary Approval Order, EA shall pay into the Escrow Account $500,000 to be used by the Notice and Claims Administrator at the direction of Class Counsel for reasonable costs in connection with providing notice of the Settlement to the Settlement Class Members and for other administrative expenses ("Notice and Administration Fund"); and

b. within 30 days of District Court Approval, EA shall pay into the Escrow Account the remaining amount of the Settlement Amount ($26,500,000).

10. The Settlement Fund shall be deposited into an interest-earning escrow account designated by Class Counsel, and all interest accruing thereon shall be deemed to be in the custody of the Court, and will remain subject to the jurisdiction of the Court, until such time as it is distributed in compliance with the Settlement Agreement and Court order. The Escrow Agent shall invest the Settlement Fund exclusively in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Money Market Fund or a bank account insured by the Federal Deposit Insurance Corporation ("FDIC") up to the guaranteed FDIC limit. The Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

then-current market rates. The Parties and the Escrow Agent agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, and the Escrow Agent, as administrator of the Escrow Account within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Escrow Account and paying from the Escrow Account any and all taxes, including any interest or penalties thereon (the "Taxes"), owed with respect to the Escrow Account. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including if necessary the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

11.     All Taxes arising with respect to the income earned by the Settlement Fund, (including any Taxes that may be imposed upon EA with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for Federal or state income tax purposes), and any expenses and costs incurred in connection with the payment of Taxes pursuant to this paragraph (including without limitation, expenses of tax attorneys and/or accountants and mailing, administration, and distribution costs and expenses relating to the filing or the failure to file all necessary or advisable tax returns (the "Tax Expenses")), shall be paid out of the Settlement Fund. EA shall not have any liability or responsibility for the Taxes or the Tax Expenses. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable, Treas. Reg. § 1.468B-2(1). Such tax returns shall be consistent with the terms herein, and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund. The Escrow Agent shall also timely pay Taxes and Tax Expenses out of the Settlement Fund, and are authorized to withdraw from the Escrow Account amounts

necessary to pay Taxes and Tax Expenses. The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Settlement Agreement. EA shall not have any responsibility or liability for the acts or omissions of the Escrow Agent.

12. EA agrees not to oppose a request for a participation award for Named Plaintiffs as awarded by the Court, up to a maximum of $5,000. Named Plaintiffs and Class Counsel agree not to seek a participation award in excess of the above amounts. The participation awards will be payable from the Settlement Fund contained in the Escrow Account 30 days after the Effective Date.

13. Class Counsel agrees not to seek an award of fees from the Court in excess of thirty percent (30%) of the Settlement Fund and a maximum of $2,000,000 in costs (not including, but in addition to, costs of administration). EA agrees not to oppose a request for attorneys' fees up to 30% of the Settlement Fund and costs not exceeding $2,000,000. The attorneys' fees and expenses, as awarded by the Court, shall be payable from the Settlement Fund contained in the Escrow Account, as ordered, within 30 days after the Court executes an order awarding such fees and expenses. In the event that the Effective Date does not occur, or the Judgment is reversed or modified, or the order making the Fee and Expense Award is reversed or modified, or the Settlement Agreement is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Class Counsel shall within ten (10) business days from receiving notice from EA's counsel or from a court of appropriate jurisdiction, refund to EA the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to paragraphs 10-11 above. Any award of attorneys' fees and costs is within the sound discretion of the Court and even if lesser amounts are awarded cannot serve as the basis for voiding the Settlement.

14. The Named Plaintiffs and Class Counsel have determined that the Net Settlement Fund shall be allocated to benefit Settlement Class Members per the following Plan of Allocation:

a. Each Settlement Class Member who files a valid Claim Form no later than the Bar Date for the purchase of a Sixth Generation Title shall be entitled to a cash payment of up to $6.79 for each Sixth Generation Title purchased during the Class Period, up to a maximum of eight units ($54.32). Each Settlement Class Member who files a valid Claim Form no later than the Bar Date for the purchase of a Seventh Generation Title shall be entitled to a cash settlement payment of up to $1.95 for each Seventh Generation Title purchased during the Class Period, up to a maximum of eight units ($15.60). If the timely and valid Claims exceed the Net Settlement Fund, the Claims shall be reduced pro rata so that all Claims may be paid from the Net Settlement Fund.

b. If the Net Settlement Fund is not exhausted by timely and valid Claims paid pursuant to paragraph 14(a) above, the Parties will attempt in good faith to identify Sixth Generation purchasers who have provided EA with a physical address, and not submitted a Claim, and send payment to such individuals in an amount that equals the average claim paid to a Sixth Generation purchaser (considering Sixth Generation purchases alone) pursuant to paragraph 14(a) above , without the necessity of a Claim Form.

c. If after six months beyond the mailing of checks described in paragraphs 14(a) and 14(b) above, the Net Settlement Fund is not exhausted (including any amount remaining as the result of uncashed checks), a *cy pres* payment shall be made to Child's Play, a 501(c)(3) entity, in the amount that will exhaust the Net Settlement Fund.

15. In addition to payment of the Settlement Amount pursuant to paragraph 14 above, EA agrees to the following equitable relief:

a. EA will not enter into an exclusive trademark license with the Arena Football League for a period of five years after the Effective Date.

b. EA will not renew its current collegiate football trademark license with the Collegiate Licensing Company on an exclusive basis after that license expires in 2014, or seek any new exclusive trademark license regarding football video games with the National Collegiate Athletic Association, the Collegiate Licensing Company, or any National Collegiate Athletic Association member institution covered by the current exclusive license for a period of five years

thereafter.  For clarity, EA may renew such license on a non-exclusive basis during that five year period.

**IV.**     **Notice and Administration Fund**

16.     The Notice and Administration Fund shall be used by Class Counsel to pay the costs of notifying the Settlement Class Members, and, as allowed by the Court, soliciting the filing of claims by Settlement Class Members, assisting them in making their claims, and otherwise administering the Settlement on behalf of the Settlement Class Members.  Any notice and administration costs, as well as all applicable taxes, shall be paid out of the Notice and Administration Fund and, if the Notice and Administration Fund is exhausted, out of the Settlement Fund.  Notice and administration costs shall include, among other things, the cost of publishing notice, printing and mailing notice, as directed by the Court, and the cost of processing Claims and distributing the Net Settlement Fund to Settlement Class Members who timely submit a valid Claim Form.

17.     Class Counsel will provide Class Notice by (i) e-mail (where available) notice substantially similar to the form attached as Exhibit B; (ii) post card (where available) notice substantially similar to the form attached as Exhibit C; (iii) a content neutral settlement website managed by a third-party administrator that will contain further information about the Settlement, including relevant pleadings (if possible, the parties will utilize the same website, www.easportslitigation.com, used to provide notice at the class certification stage); and (iv) publication to the extent necessary to meet Constitutional or statutory requirements, substantially in the form attached as Exhibit D.  EA additionally will provide notice by mail, pursuant to the Class Action Fairness Act, to the state attorneys generals and the U.S. Attorney General.

18.     As of the Effective Date, any balance, including interest, then remaining in the Notice and Administration Fund, less expenses incurred but not yet paid, shall be deposited into the Settlement Fund.

19.     If the Settlement is not approved, is overturned, or is materially or adversely modified on appeal or as a result of further proceedings on remand of any appeal with respect to the Settlement, or if the Effective Date otherwise does not occur, the balance of the Notice and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Administration Fund which has not been expended pursuant to paragraph 16 above, and the balance of the Settlement Fund, including all earned or accrued interest, shall be returned to EA within five days as set forth in paragraph 40 below.

**V.    Releases**

20.    The Released Claims against each and all of the Released Parties shall be released and dismissed with prejudice and on the merits (without an award of costs to any party other than those provided for in paragraph 13 of this Settlement Agreement) upon entry of the Judgment.

21.    As of the Effective Date, Named Plaintiffs and all Settlement Class Members agree to release and by operation of the Judgment shall have fully and finally released, relinquished, and discharged all Released Claims against each and all of the Released Parties.

22.    As of the Effective Date, Named Plaintiffs and all Settlement Class Members shall be permanently barred and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

23.    Without in any way limiting the scope of the Released Claims, defined in paragraph 1(aa) above, the release covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing the Named Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Lawsuit, the settlement of the Lawsuit, the administration of such settlement, and/or the Released Claims.

24.    The Named Plaintiffs and the Settlement Class expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Named Plaintiffs and the Settlement Class hereby expressly agree that the provisions, rights, and benefits of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived and relinquished by the Named Plaintiffs and the Settlement Class to the fullest extent permitted by law in connection with all unknown claims constituting Released Claims, and the Named Plaintiffs and the Settlement Class hereby agree and acknowledge that this is an essential term of the Settlement Agreement. In connection with the release, the Named Plaintiffs and the Settlement Class acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein. Nevertheless, it is the intention of the Named Plaintiffs and the Settlement Class in executing this release fully, finally, and forever to settle and release all matters and all claims that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action), constituting Released Claims.

25. Subject to Court approval, all Settlement Class Members shall be bound by this Settlement Agreement, and all of their claims shall be dismissed with prejudice and released, even if they never received actual notice of the Lawsuit or this Settlement.

## VI. Administration and Distribution of the Settlement Fund

26. Settlement Class Members who wish to object to any aspect of the Settlement must file with the Court and serve on Class Counsel a written statement containing their objection by the Exclusion/Objection Deadline, as provided in the Class Notice. Class Counsel shall fax or email each objection as it is received to counsel for EA. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in this Settlement Agreement, to the Plan of Allocation, and/or to the award of attorney's fees and expenses to Class Counsel.

27. Settlement Class Members who wish to exclude themselves from the Settlement must serve on Class Counsel a written request for exclusion by the Exclusion/Objection Deadline, as provided in the Class Notice. Class Counsel shall provide a copy of all requests for exclusion submitted by Settlement Class Members to counsel for EA on a biweekly basis. Class

Counsel shall submit the name, city, and state of residence of all Settlement Class Members who request exclusion to the Court at the time Class Counsel file their motion for final approval of the Settlement. All Settlement Class Members will be bound by the Judgment dismissing the Lawsuit with prejudice unless such Settlement Class Members timely file valid written request for exclusion or opt out in accordance with this paragraph and the Preliminary Approval Order.

28. The rights to object to the Settlement and opt out of the Settlement are mutually exclusive. Any Settlement Class Member who submits a timely request for exclusion or opt out may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

29. No later than three business days after the Exclusion/Objection Deadline, the Notice and Claims Administrator shall provide to Class Counsel and counsel for EA a complete opt out list together with copies of the opt out requests. Notwithstanding any other provision of this Settlement Agreement, if more than 8,000 Settlement Class Members opt out of the Settlement, EA, in its sole discretion, may rescind and revoke the entire Settlement Agreement, thereby rending the Settlement null and void in its entirety, by sending written notice that EA revokes the Settlement pursuant to this paragraph to Class Counsel within ten (10) business days following the date the Notice and Claims Administrator informs EA of the number of Settlement Class Members who have requested to opt out of the Settlement pursuant to the provisions set forth above in paragraph 27 above.

30. Class Counsel or their authorized agents, subject to the supervision, direction, and approval of the Court, shall administer and calculate the Claims submitted by Settlement Class Members, and shall oversee distribution of the Settlement Fund.

31. The Settlement Fund shall be applied as follows:

a. to pay all costs and expenses incurred in connection with providing notice to Settlement Class Members and, as allowed by the Court, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to the Settlement Class, processing proofs of claim, processing requests for exclusion, and escrow fees and costs;

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

b.      subject to the approval and further order(s) of the Court, to pay to the Named Plaintiffs a participation award up to a maximum of $5,000 each;

c.      subject to the approval and further order(s) of the Court, to pay to Class Counsel the amount awarded by the Court as attorneys' fees, and to pay Class Counsel the amount awarded as costs and expenses, including fees of experts and consultants;

d.      to pay Taxes and Tax Expenses owed by the Settlement Fund; and

e.      subject to the approval and further order(s) of the Court, to distribute the balance of Net Settlement Fund for the benefit of the Settlement Class pursuant to paragraph 14 above, or as otherwise ordered by the Court. No funds from the Net Settlement Fund shall be disbursed until after the Effective Date.

32.      In order to participate in distribution of the Net Settlement Fund, each Person claiming to be an Authorized Claimant shall be required to timely submit a signed Claim Form.

33.      Any Settlement Class Member who fails to submit a Claim Form within such period as may be established by the Court shall be forever barred from any and all right(s) to receive any payments pursuant to this Settlement Agreement, but in all other respects will be subject to and bound by the provisions of this Settlement Agreement and the Judgment.

34.      Settlement Class Members shall be subject to and bound by the provisions of the Settlement Agreement, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether they seek or obtain any distribution from the Settlement Fund.

35.      EA shall bear no responsibility for the costs, fees, or expenses related to the administration and distribution of the Settlement Fund. Neither EA nor its counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the Settlement Fund, any plan of allocation, the determination, administration, or calculation of claims, the payment or withholding of taxes, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.

36.      EA shall have no responsibility for, or liability concerning, the appointment of the Notice and Claims Administrator and any actions taken by it.

37.     Payment from the Settlement Fund made pursuant to and in the manner set forth above shall be deemed conclusive of compliance with this Settlement Agreement as to all Authorized Claimants.

38.     No Settlement Class Member or Authorized Claimant shall have any claim against the Named Plaintiffs, Class Counsel, the Notice and Claims Administrator, EA, or any of their counsel, based on distributions made substantially in accordance with this Settlement Agreement and/or orders of the Court.

**VII.     Effect of Disapproval, Cancellation, or Termination of Settlement Agreement**

39.     If the Court does not approve the Settlement as set forth in this Settlement Agreement, or does not enter the Judgment substantially in the form provided for in paragraph 5, or if the Court enters the Judgment and appellate review is sought, and on such review, the entry of Judgment is vacated, modified in any way, or reversed, then this Settlement Agreement shall be cancelled and terminated, unless all Parties who are adversely affected thereby, in their sole discretion within thirty days from the date of the mailing of such ruling to such Parties, provide written notice to all other Parties hereto of their intent to proceed with the settlement under the terms of the Judgment as it may be modified by the Court or any appellate court.  No Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein, except to the extent provided for in paragraphs 6 and 7, relating to the Plan of Allocation and award of attorneys' fees.  If any Party hereto engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Settlement Agreement, may terminate this Settlement Agreement on notice to the breaching Party or sue for enforcement.

40.     In the event that (i) the Settlement is not approved, is overturned, or is materially modified by the Court or on appeal, (ii) the Judgment does not become Final, or (iii) this Settlement Agreement is terminated, cancelled, or fails to become effective for any reason, then within five business days after written notice is sent by Class Counsel or counsel for EA to all Parties hereto, the balance of the Notice and Administration Fund, less any funds paid or expenses incurred but not yet paid, the Settlement Fund, and any other cash deposited by EA into

the Escrow Account pursuant to paragraph 9 above of this Settlement Agreement, shall be refunded to EA, including interest earned or accrued. In such event, (a) the Settlement shall be without force and effect upon the rights of the Parties hereto, and none of its terms shall be effective or enforceable, with the exception of this paragraph, which shall remain effective and enforceable; and (b) the Parties shall be deemed to have reverted nunc pro tunc to their respective status as of the date and time immediately before the execution of the Settlement Agreement, and they shall proceed in all respects as if the Settlement Agreement and related documentation and orders had not been executed, and without prejudice in any way from the negotiation or fact of the Settlement or the terms of the Settlement Agreement. The Settlement Agreement, the Settlement, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered or received in evidence, or otherwise used by any party or witness, in any trial of this Lawsuit or any other action or proceedings, nor shall they be deemed to constitute any evidence or admission of liability or wrongdoing on the part of EA or the other Releasees, which is expressly and unequivocally denied by EA.

41. EA does not agree or consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Lawsuit. If this Settlement Agreement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effecting this Settlement Agreement, and all preliminary and/or final findings regarding the Settlement Class certification order, shall be automatically vacated upon notice to the Court, the Lawsuit shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Lawsuit shall revert nunc pro tunc to the procedural status quo as of the date and time immediately before the execution of the Settlement Agreement, in accordance with this paragraph and paragraphs 39 and 40 of this Settlement Agreement.

## VIII.    Miscellaneous Provisions

42.    All of the Exhibits to be attached hereto shall be incorporated by reference as though fully set forth herein.

43.    Plaintiffs acknowledge that, given the amount of discovery taken by them of EA and others, including extensive document and other written discovery, as well as numerous depositions, expert discovery, and the records developed through briefing and submissions of motions, Plaintiffs are satisfied that an adequate factual record has been established that supports the Settlement and hereby waive any right to conduct further discovery to assess or confirm the Settlement.

44.    This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or the Parties' successors-in-interest.

45.    The Settlement Agreement, the Settlement, the fact of the settlement's existence, any of terms of the Settlement Agreement, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement or the Settlement, and/or any negotiations, proceedings, acts performed, or documents executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) may not be deemed to be, may not be used as, and do not constitute an admission or evidence of the validity of any Released Claims or of any wrongdoing or liability of EA; and (ii) may not be deemed to be, may not be used as, and do not constitute an admission or evidence of any fault, wrongdoing, or omission by EA in any trial, civil, criminal, or administrative proceeding of this Lawsuit or any other action or proceedings in any court, administrative agency, or other tribunal.

46.    EA and the other Releasees shall have the right to file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

47.    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and the Settlement Class in the Lawsuit

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

against EA.

48.    The Parties to the Settlement Agreement agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, resulted from an arm's length mediation before former U.S. District Court Judge Layn R. Phillips, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

49.    Plaintiffs and Class Counsel have concluded that the Settlement set forth herein constitutes a fair, reasonable, and adequate resolution of the claims that Plaintiffs asserted against EA, including the claims on behalf of the Settlement Class, and that it promotes the best interests of the Settlement Class.

50.    To the extent permitted by law, all agreements made and orders entered during the course of the Lawsuit relating to the confidentiality of information shall survive this Settlement Agreement.

51.    Within sixty (60) days after the Effective Date, counsel for the Parties shall return to the producing Party all documents produced in the Lawsuit (other than that which is contained in attorney notes, pleadings, correspondence, deposition transcripts) or confirm that all such documents have been destroyed.

52.    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

53.    This Settlement Agreement and its exhibits constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its exhibits, other than the representations, warranties and covenants contained and memorialized in this Settlement Agreement and its exhibits.  In the event that there exists a conflict or inconsistency between the terms of this Settlement Agreement and the terms of any exhibit to be attached hereto, the terms of this Settlement Agreement shall prevail.

54.    This Settlement Agreement may be executed in one or more counterparts.  All

executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.

55. The Parties hereto and their respective counsel agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement Agreement.

56. Each counsel signing this Settlement Agreement represents that such counsel has authority to sign this Settlement Agreement on behalf of his/her clients.

57. This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

58. This Settlement Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in the Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement.

59. All terms, conditions, and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

60. This Settlement Agreement shall be governed by federal law. To the extent that federal law does not apply, this Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to choice of law principles. Any action based on this Settlement Agreement, or to enforce any of its terms, shall be venued in the United States District Court for the Northern District of California, which shall retain jurisdiction over all such disputes. All Parties to this Settlement Agreement shall be subject to the jurisdiction of the United States District Court for the Northern District of California for all purposes related to this Settlement Agreement.

61. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement for the purpose of the administration and enforcement of this Settlement

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Agreement.

62.     The headings used in this Settlement Agreement are for the convenience of the reader only, and shall not affect the meaning or interpretation of this Settlement Agreement.  In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

63.     Each Party to this Settlement Agreement warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its counsel, and not in reliance upon any warranty or representation, express or implied, of any nature of any kind by

\\\\

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  any other Party, other than the warranties and representations expressly made in this Settlement

2  Agreement.

3  SIGNED AND AGREED:

4

5                                                    Respectfully Submitted,

6                                                    LATHAM & WATKINS LLP
                                                        Daniel M. Wall
7                                                        Timothy L. O'Mara

8
   Dated: _July 17, 2012_              By    _Timothy L. O'Ma——_
9                                                        Timothy L. O'Mara
10                                                       Attorneys for Defendant
                                                        ELECTRONIC ARTS INC.
11
                                                    HAGENS BERMAN SOBOL SHAPIRO LLP
12                                                       Steve W. Berman
                                                        Shana E. Scarlett
13
14                                                  THE PAYNTER LAW FIRM PLLC
                                                        Stuart M. Paynter
15
16  Dated: _July 19, 2012_              By    _Steve W. Berman_
17                                                       Steve W. Berman
                                                        CLASS COUNSEL
18
19  Dated: _____             By    _____
                                                        Andrew Owens
20                                                       PLAINTIFF

21
22  Dated: _____             By    _____
                                                        Geoffrey Pecover
23                                                       PLAINTIFF

24

25

26

27

28

16    Dated: _____          By      Steve W. Berman
17                                             CLASS COUNSEL

18

19    Dated: *July 18, 2012*           By      *Andrew Owens*
                                               Andrew Owens
20                                             PLAINTIFF

21
      Dated: _____          By
22                                             Geoffrey Pecover
23                                             PLAINTIFF

24

25

26

27

28

1  any other Party, other than the warranties and representations expressly made in this Settlement
2  Agreement.
3  SIGNED AND AGREED:
4
5                                                      Respectfully Submitted,
6                                                      LATHAM & WATKINS LLP
7                                                          Daniel M. Wall
                                                           Timothy L. O'Mara
8
   Dated: _____
9                                              By  _____
10                                                     Timothy L. O'Mara
                                                       Attorneys for Defendant
11                                                     ELECTRONIC ARTS INC.
12                                                 HAGENS BERMAN SOBOL SHAPIRO LLP
                                                       Steve W. Berman
13                                                     Shana E. Scarlett
14                                                 THE PAYNTER LAW FIRM PLLC
                                                       Stuart M. Paynter
15
16 Dated: _____                        By  _____
17                                                     Steve W. Berman
                                                       CLASS COUNSEL
18
19 Dated: _____                        By  _____
20                                                     Andrew Owens
                                                       PLAINTIFF
21
22 Dated: __7/19/12___                           By  _____
23                                                     Geoffrey Pecover
                                                       PLAINTIFF
24
25
26
27
28