UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| GEOFFREY PECOVER and ANDREW OWENS, on behalf of themselves and a class of person similarly situated, | ) ) ) ) | No. 08-cv-02820 CW |
| Plaintiffs, | ) ) ) | ORDER GRANTING CLASS PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| v. | ) ) | |
| ELECTRONIC ARTS INC., a Delaware Corporation, | ) ) ) | |
| Defendant. | ) ) | ACTION FILED: June 5, 2008 |

WHEREAS Plaintiffs Geoffrey Pecover and Andrew Owens ("Named Plaintiffs"), on behalf of themselves and of the proposed stipulated settlement class ("Settlement Class"), and Defendant Electronic Arts Inc. ("EA") have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the above-captioned matter ("Lawsuit") upon the terms set forth in the Stipulation and Agreement of Class Action Settlement and Release ("Settlement Agreement");

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into among the parties, together with all exhibits thereto, the record in this case, and the briefs and arguments of counsel;

WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the Settlement Agreement;

WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

2. A hearing (the "Fairness Hearing") shall be held before this Court on February 7, 2013 at 2:00 p.m., at the United States District Court, located at 1301 Clay Street, Oakland, California, in Courtroom 4, to determine whether to approve certification of the class for settlement purposes; whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Class Counsel. The Court may change the day of the Fairness Hearing

without further notice to the members of the Settlement Class. If the date and time of the Fairness Hearing is changed, the new date and time will be posted by the parties at www.easportslitigation.com.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class of persons in the United States who purchased EA's *Madden NFL*, *NCAA Football* or *Arena Football League* brand interactive football software, excluding software for mobile devices, with a release date of January 1, 2005 to June 21, 2012. The Class Period is defined to mean January 1, 2005 to June 21, 2012. Excluded from the Settlement Class are (i) persons purchasing directly from EA; (ii) persons purchasing used copies of the relevant software, and (iii) EA's employees, officers, directors, legal representatives, and wholly or partly owned subsidiaries or affiliated companies.  Also excluded from the Settlement Class are (i) those persons who timely and validly request exclusion from the Settlement Class pursuant to the Class Notice detailed in paragraphs 7 and 8 of this Order, and (ii) any class members who previously filed a timely request for exclusion on or prior to June 25, 2011, and were included on the class member exclusion list filed with the Court on July 25, 2011.

4. The Court designates Geoffrey Pecover and Andrew Owens as the class representatives for the Settlement Class.

5. The Court designates the following as Class Counsel for the Settlement Class: Hagens Berman Sobol Shapiro LLP and The Paynter Law Firm PLLC.

6. The Court preliminarily finds that, for purposes of effectuating this settlement only, the Settlement Class meets the Rule 23 requirements for a settlement class.

7. The Court approves for publication, as to form and content, the amended proposed notice of the class action, the proposed settlement agreement and final fairness hearing (the "Long-Form Notice"), the proposed Postcard Notice and the amended proposed summary notice for publication, annexed as Exhibits A, B and C hereto.[1]  The Court further finds that the electronic

---

[1] At the Court's instruction, Class Counsel submitted amended versions of the proposed Order, the proposed Long-Form Notice and the proposed summary notice.  The Court has further modified the proposed Order and paragraphs seventeen and twenty of the amended proposed Long-Form Notice and attaches the approved form hereto as Exhibit A.

1   mailing and distribution of the Long-Form Notice, the regular mailing of the Postcard Notice to
2   those individuals with known physical mail addresses for whom a valid email address is not
3   available, the publishing of a content-neutral settlement website, summary publication in the
4   national edition of the *USA Today*, and an online campaign consisting of sponsored links on major
5   search engines, substantially in the manner and form set forth in paragraph 8 of this Order, meet
6   the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice
7   practicable under the circumstances, and shall constitute due and sufficient notice to all persons
8   entitled thereto.

9       8. The Court appoints the firm of Gilardi & Co. LLC ("Notice and Claims
10  Administrator") to supervise and administer the notice procedure as well as the processing of
11  claims as more fully set forth below:

12      a. Not later than October 19, 2012, the Notice and Claims Administrator shall
13  begin the online notice campaign, including the display advertising, sponsored links, content
14  advertising and social network advertising, in addition to a case website at
15  www.easportslitigation.com;

16      b. Not later than October 19, 2012, the Notice and Claims Administrator shall
17  cause a copy of the Long-Form Notice, substantially in the form annexed as Exhibit A, to be
18  electronically mailed to all Settlement Class members who can be identified with reasonable effort;

19      c. Not later than October 19, 2012, the Notice and Claims Administrator shall
20  cause the Long-Form Notice, substantially in the form annexed as Exhibit A, the full text of the
21  Settlement Agreement, the Preliminary Approval Order, and the Claim Form, in both an electronic
22  fillable form and in a format that may be downloaded and/or printed, to be published on a public
23  website, located at www.easportslitigation.com;

24      d. Not later than October 29, 2012, the Notice and Claims Administrator shall
25  cause the Postcard Notice, substantially in the form annexed as Exhibit B, to be delivered by
26  regular U.S. mail to those Settlement Class members with known physical mail addresses for
27  whom a valid email address is not available;

28  ~~AMENDED [PROP.]~~ ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –No. 08-cv-02820 CW   - 3 -

1    e.      Not later than November 5, 2012, the Notice and Claims Administrator shall cause summary notice to be published in the designated newspapers, as provided in the Declaration of Daniel Burke re Dissemination of Class Notice, substantially in the form annexed as Exhibit C;

9.      All members of the Settlement Class shall be bound by all determinations and judgments in the Lawsuit concerning the settlement, whether favorable or unfavorable to the Settlement Class.

10.     Class Counsel shall file their motion for attorney fees, costs, and incentive awards for the class representatives, and all supporting documentation and papers, not later than November 26, 2012.  Class Counsel shall cause a copy of these documents to be posted at www.easportslitigation.com no later than November 26, 2012.

11.     Any member of the Settlement Class who desires to receive a monetary distribution from the Settlement Fund must submit a completed Claim Form, either electronically through the website described in paragraph 8(b) of this Order or by first class mail to:

> Electronic Arts Settlement
> c/o Gilardi & Co. LLC
> P.O. Box 808054
> Petaluma CA 94975-8054

All claims must be submitted, whether electronically or by first class mail, not later than March 5, 2013.  Any member of the Settlement Class who does not submit his or her claim in the manner provided shall be deemed to have waived such claim and any right to receive a monetary distribution from the Settlement Fund.

12.     All Settlement Class Members will be bound by the final Judgment dismissing the Lawsuit with prejudice unless such Settlement Class Members timely file a valid written request for exclusion or opt out in accordance with the Settlement Agreement.

13.     Any person who desires to request exclusion from the Settlement Class shall do so by December 10, 2012.  All persons who submit valid and timely requests for exclusion in the manner set forth in the Long-Form Notice shall have no rights under the Settlement Agreement,

shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement Agreement or the Judgment entered in the Lawsuit.

14. Any member of the Settlement Class may enter an appearance in the Lawsuit, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

15. Any member of the Settlement Class may appear and show cause, if he or she has any reason, why the proposed settlement of the Lawsuit should or should not be approved as fair, reasonable and adequate; why a judgment should or should not be entered thereon; why the plan of allocation should or should not be approved; or why attorney's fees and expenses should or should not be awarded to Class Counsel; provided, however, that no member of the Settlement Class or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon providing the same, or the order approving the plan of allocation, or the attorney's fees and expenses to be awarded to Class Counsel, unless that person has filed with the Court and sent by first class mail to Class Counsel at the addresses below written objections and copies of any papers and briefs**,** including, if the person wishes to appear and be heard at the Fairness Hearing, a notice of intent to do so**,** such that they are postmarked by December 10, 2012:

| Court | Class Counsel |
|---|---|
| *Pecover, et al. v. Electronic Arts Inc.*<br>Case No. 08-cv-02820 CW<br>United States District Court, Northern District of California<br>1301 Clay Street, Oakland, CA 94612 | Shana Scarlett<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Ave., Suite 202<br>Berkeley, CA 94710 |

Any member of the Settlement Class who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement, to the plan of allocation, or to the award of attorney's fees and expenses to Class Counsel, unless otherwise ordered by the Court.

16. All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served by January 3, 2013.

17. At or after the Fairness Hearing, the Court shall determine whether the settlement and any application for attorney's fees and expenses shall be approved.

18. All reasonable expenses incurred in identifying and notifying members of the Settlement Classes, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

19. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs or Defendant, respectively, of the truth or falsity of any of the allegations in the Lawsuit, or of any liability, fault or wrongdoing of any kind.

20. All members of the Settlement Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the settlement.

21. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: 10/5/2012

THE HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT COURT JUDGE

Submitted by:
Dated: October 2, 2012

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____/s/ Steve W. Berman_____
        STEVE W. BERMAN

1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Stuart M. Paynter (226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@smplegal.com

Class Counsel