Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorneys for Objectors Joseph Rugo and Matthew Klesken

FILED
DEC 17 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEOFFREY PECOVER and ANDREW OWENS, on behalf of themselves and a class of persons similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>ELECTRONIC ARTS INC., a Delaware Corporation,<br><br>  Defendant. | Case No. 08-cv-02820-CW<br><br>**OBJECTIONS JOSEPH RUGO AND MATTHEW KLESKEN TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR, AND NOTICE OF JOINDER**<br><br>Date: February 7, 2013<br>Time: 2:00 p.m.<br>Judge: Hon. Claudia Wilken |

COMES NOW, JOSEPH RUGO and MATTHEW KLESKEN ("Objectors") Class Members to this action, by and through their undersigned counsel, and hereby file these Objections to the Proposed Class Action Settlement, gives notice of his counsel's intent to appear at the July 20, 2010, settlement hearing, and request awards of an incentive fee for serving as unnamed class member objector.

Objectors represent to the court that they are both Class Members, qualified to make claims for the proposed relief as set forth in the NOTICE OF CLASS ACTION SETTLMENT.

1

Objectors respectfully submit the following:

## I. THE *CY PRES* PROPOSAL IS IMPROPER

Recently, the Ninth Circuit reversed an order granting approval to a class action settlement because the *cy pres* award was "divorced from the concerns" of the laws under which the lawsuit was brought. *Dennis v. Kellogg*, 697 F.3d 858, 866 (9th Cir. 2012).[1] The court held that, "[t]o avoid the 'many nascent dangers to the fairness of the distribution process,' we require that there be 'a driving nexus between the plaintiff class and the *cy pres* beneficiaries.'" *Id* at 865. (quoting *Nachshin v. AOL, LLC,* 663 F.3d 1034, 1038 (9th Cir. 2011)). Put differently, there must be more than simply a similarity of interests. A "driving nexus" requires that there actually be a connection between the *cy pres* recipient and the claims brought in the lawsuit. *See Nachshin,* 663 F.3d at 1036 ("*Cy pres* distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statute, and the interests of the silent class members, including their geographic diversity.") An appropriate award will "(1) address the objectives of the underlying statutes, (2) target the plaintiff class, [and] provide reasonable certainty that [class members benefit]." *See id* at 1040.

This lawsuit seeks to right the wrongs of Defendants violation of antitrust. According to the Settlement Agreement, any unclaimed monies will be directed to Child's Play.
Child's Play is a charity that "... works in two ways. With the help of hospital staff, we set up gift wish lists full of video games, toys, books, and other fun stuff for kids...

Child's Play also receives cash donations throughout the year. With those cash donations, we purchase new consoles, peripherals, games, and more for hospitals and therapy facilities." See http://www.childsplaycharity.org/about.

This *cy pres* recipient nomination suffers from the same flaw as is described in *Dennis*. In *Dennis*, a lawsuit was brought using California consumer protection statutes regarding the false and misleading advertising associated with Kellogg's® Frosted Mini-Wheats® cereal. *Dennis*, 697 F. 3d at

---

[1] The attorney for these objectors was also counsel for the objector appellants in *Dennis*, nonetheless, the court should get ready for the standard "professional objector" attack aimed at Darrell Palmer based on a whole host of irrelevant facts that have nothing to do with the first time objectors or the objections in this case. It is just as irrelevant as mentioning the objections recently filed by the Hagen firm in a San Diego state court class action settlement. A reply with all the nice things judges have said about professional objectors, and their significant improvements in settlements and the law is available on request.

2

862. The settlement agreement provided that any unclaimed funds would be donated to unidentified charities to feed the indigent. *Id* at 863. The Ninth Circuit held it was an abuse of discretion to approve the settlement because the lawsuit concerned false advertising in violation of California consumer statutes, and therefore the unused monies must go to "organizations dedicated to protecting consumers from, or redressing injuries caused by, false advertising." *Id* at 867.

Here, the same attenuated relationship exists between the underlying claims and the *cy pres* recipient. Simply because the lawsuit involved the sale of video games does not make an organization related to video games appropriate. The gravamen of this lawsuit is that EA violated anti-trust laws. Therefore, appropriate *cy pres* recipient must have some role in preventing violations of anti-trust laws and related protection of consumers.

The final approval hearing is supposed to be an evidentiary hearing and the court, as a fiduciary for the class, must not only find the settlement to be fair, adequate and reasonable, it must also make specific findings that the *cy pres* nominee meets the guidelines set forth in *Dennis*. Here, no such showing has been made by the proponents of the settlement, no evidence submitted, no expert declarations, no declarations from Child's Play, the record simply does not support any such findings.

Unfortunately this entire settlement must be rejected similar to the recent settlement rejection in *In Re: Groupon, Inc., Marketing and Sales Practices Litigation,* Case No. 11-md-2238 (S.D. Cal. Sept. 28, 2012, Dkt #97). In *Groupon* Judge Dana Sabraw concluded:

"Unfortunately, this Court does:not have the authority to strike down only the cy pres portions of the settlement.

"It isthe settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness," and we cannot "delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety."

Dennis, 2012 WL 3800230, at *9 (quoting Hanlon, 150 F.3d at 1026). Accordingly, the Court denies the joint motion for final approval of this class action settlement.

Likewise this settlement must be rejected.

## II. THE FEE AWARD IS EXCESSIVE

In the Ninth Circuit when a common fund is created for the class, the court has the discretion whether to use a lodestar method or the percentage of the fund approach. *In re Bluetooth Headset*

3

*Prods. Liability Litig.*, 654 F.3d 935,942 (9th Cir. 2011). Whichever option the court chooses, however, discretion must be used to arrive at a reasonable result. *Id.* Courts have held that when choosing the percentage of the fund approach, a benchmark of 25% is a reasonable starting place. *Id.* Not all courts agree with this approach. See *In re Infospace Inc.*, 330 F. Supp. 2d 1203, 1210 (W.D. Wash. 2004) ("There is nothing inherently reasonable about a 25 percent recovery, and the courts applying this method have failed to explain the basis for the idea that a benchmark fee of 25 percent is logical or reasonable."); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 129 (9th Cir.1994) ("WPPSSS") ("[T]here is no necessary correlation between any particular percentage and a reasonable fee.").

What courts do agree on, is "a fee award should be assessed based on scrutiny of the unique circumstances of each case", and should be viewed with "a jealous regard to the rights of those who are interested in the fund."" *Goldberger v. Integrated Resources, Inc.* 209 F.3d 43, 53 (2d Cir. 2000). For this reason, the lodestar approach should be adopted in this case.

The court arrives at the lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Class Counsel's lodestar is $6,327,319.75. Next, the court may make adjustments to the lodestar figure using a multiplier if necessary to arrive at a reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Class Counsel requests such a multiplier.

The Ninth Circuit is guided by several factors in deciding whether to award the requested multiplier.[2] Of the things this court must consider, "the most critical factor is the degree of success obtained." *Hensley v. Eckhart*, 461 U.S. 424, 436 (1983).

Class Counsel has done nothing more than given their assurance that the results they have achieved are excellent, but provided no factual evidence to support such claim. There is no evidence of what was at stake for Defendants, what value this settlement is in comparison to the value of a victorious

---

[2] (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

jury verdict or the probable chances of such a verdict. The enormity of a $27 million dollar settlement is meaningless without any context.

One approach to evaluating the reasonableness of a fee request has been suggested by Judge Posner:

> [T]he judge could have insisted that the parties present evidence that would enable four possible outcomes to be estimated: call them high, medium, low, and zero. High might be in the billions of dollars, medium in the hundreds of millions, low in the tens of millions. Some approximate range of percentages, reflecting the probability of obtaining each of these outcomes in a trial (more likely a series of trials), might be estimated, and so a ballpark valuation derived.

*Reynolds v. Beneficial Nat. Bank*, 288 F. 3d 277, 285 (7th Cir. 2002). From these numbers, Posner suggests, the judge can "translate his intuitions about the strength of the plaintiffs' case, the range of possible damages, and the likely duration of the litigation if it was not settled now into numbers that would permit a responsible evaluation of the reasonableness of the settlement." *Id.*

Class Counsel has the burden to support their request for fees and costs. *Fischer v. SJB-P.D., Inc.*, 214 F. 3d 1115, 1121 (9th Cir. 2000). A departure from the lodestar is only warranted in "rare and exceptional cases." *In re Bluetooth*, 654 F.3d at 942. Because they have not presented actual evidence that a departure is warranted, no fee multiplier should be granted.

## IV. JOINDER IN OTHER OBJECTIONS

These Objectors adopt and join in the Ted Frank Objection (Dkt 404) and other well pled, bona fide objections filed by other class members in this case, and incorporate them by reference as if they appeared in full herein.

## V. CONCLUSION

For the foregoing reasons and all others presented at oral argument, Objectors respectfully request that the Court grant the following relief:

1. Upon proper hearing, sustain these Objections;
2. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement and fee request, including an order that suitable *cy pres* recipients be found and nominated; and

5

3. Award an incentive fee to these Objectors for their service in improving the fairness of the settlement, and award a reasonable attorneys' fee to their attorney.

LAW OFFICES OF DARRELL PALMER PC

Dated: December 10, 2012         By: _____
                                     Joseph Darrell Palmer
                                     Attorney for Objectors Joseph Rugo and Matthew Klesken

6

CASE NO. 08-cv-02820-CW
OBJECTIONS OF JOSEPH RUGO AND MATTHEW KLESKEN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR