Stuart M. Paynter (226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@smplegal.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEOFFREY PECOVER and ANDREW OWENS, on behalf of themselves and a class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC ARTS, INC., a Delaware Corporation,<br><br>Defendant. | No. 08-cv-02820 CW<br><br>DECLARATION OF STUART M. PAYNTER IN SUPPORT OF PLAINTIFFS' RESPONSE TO OBJECTIONS TO CLASS ACTION SETTLEMENT<br><br>DATE: February 7, 2013<br>TIME: 2:00 p.m.<br>DEPT: Courtroom 4, Third Floor<br>JUDGE: Hon. Claudia Wilken<br><br>EXHIBITS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER<br><br>ACTION FILED: June 5, 2008 |

I, STUART M. PAYNTER, declare as follows:

1. I am an attorney licensed to practice before all of the Courts in the State of California. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto. This declaration is submitted in support of Plaintiffs' Response to Objections to Class Action Settlement.

2. The *cy pres* recipient was a conflict-free, mutually acceptable selection identified by plaintiffs' counsel after lengthy discussions with industry participants and the defendant over possible *cy pres* beneficiaries. Plaintiffs would not accept a non-profit entity in the gaming industry where Electronic Arts was a board member, founding partner or frequent donor, and would not accept other proposed charities related to education (but lacking any nexus to the class). As the Objectors note, Electronic Arts did make a small, one-time donation to Child's Play in 2009, but Child's Play is not affiliated with Electronic Arts in any way, and never was.

3. The costs for which Class Counsel seek reimbursement represent actual out-of-pocket costs paid to third-party vendors. Objector Theodore Frank's assertion that Class Counsel is receiving a twenty-seven percent "commission" on these costs is not accurate.

4. As Class Counsel, my firm and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") vigorously policed all costs in this case including notice and administrative costs, expert costs, and cost of deposition transcripts. Approximately eighty percent of costs represent payments to expert economists. Plaintiffs' economists generated six detailed reports in this litigation. In my experience, these costs are entirely reasonable in a monopoly case where both common impact and plaintiffs' market definition were hotly disputed.

5. Consistent with our fiduciary duty to the class, my firm and Hagens Berman have disallowed and are actively disputing an additional $500,000 in expert fees. Our firms jointly share the risk that we may be required to pay this additional amount. My firm and Hagens Berman have not sought reimbursement for those costs because we determined that the relevant vendor had not justified these additional billings.

6. The six expert reports produced by plaintiffs are listed below as follows:

7. Attached as Exhibit A is a true and accurate copy of the November 9, 2009 Declaration of Jeffrey K. Mackie-Mason In Support of Plaintiffs' Motion for Class Certification.

8. Attached as Exhibit B is a true and accurate copy of the April 2, 2010 Declaration of Jeffrey K. Mackie-Mason In Further Support of Plaintiffs' Motion for Class Certification.

9. Attached as Exhibit C is a true and accurate copy of the March 8, 2012 Declaration of Jeffrey K. Mackie Mason.

10. Attached as Exhibit D is a true and accurate copy of the March 8, 2012 Expert Report of Jeffrey J. Leitzinger, Ph.D.  The damages cited in Plaintiffs' Response to Objections to Class Action Settlement (filed concurrently with this declaration) and Plaintiffs' Motion for Final Approval of Settlement correct an error in the Leitziner report that would have been the subject of a Rule 26 supplemental report had the case not settled.

11. Attached as Exhibit E is a true and accurate copy of the April 12, 2012 Rebuttal Report of Jeffrey K. Mackie-Mason.

12. Attached as Exhibit F is a true and accurate copy of the April 12, 2012 Rebuttal Expert Report of Jeffrey J. Leitzinger, Ph.D.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 3rd day of January 2013, Washington, D.C.

          /s/ Stuart M. Paynter
          Stuart M. Paynter

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                                               /s/ Shana E. Scarlett
                                               SHANA E. SCARLETT