IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY PECOVER; and ANDREW OWENS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ELECTRONIC ARTS, INC., a Delaware Corporation,<br><br>    Defendant. | No. C 08-2820 CW<br><br>ORDER GRANTING IN PART, AND DEFERRING IN PART, PLAINTIFFS' MOTION TO SEAL (Docket No. 424) |

On January 3, 2013, Plaintiffs moved, pursuant to Civil Local Rule 79-5, to seal Exhibit B to the Scarlett Declaration and Exhibits A through F to the Paynter Declaration submitted in support of their motion for final approval of the class action settlement in this case. Docket No. 424. Plaintiffs represented that Defendant Electronic Arts, Inc. has designated certain information contained in these exhibits as confidential. Defendant timely filed the declaration of Jacob Schatz in support of the motion to seal. Docket No. 428 (Schatz Decl.).

Because Defendant designated the documents at issue as confidential, it must file a declaration establishing that the documents are sealable. Civil Local Rule 79-5(d). To do so, it "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). This cannot be

established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a).

Exhibit B to the Scarlett Declaration contains a license agreement entered into between Defendant and NFL Properties LLC in 2010. Defendant explains that this is a short-term license, like many others it enters into, that is subject to periodic re-bidding and renegotiation, and that public disclosure of the information contained therein would cause it harm by providing its licensors a commercial advantage over it in future negotiations and by giving its competitors, other potential licensees, information that they could use to negotiate for better license terms or additional license rights. Schatz Decl. ¶ 6. Thus, the Court finds that Defendant has provided compelling reasons that support the sealing of Exhibit B to the Scarlett Declaration.

However, Defendant's request to seal the entirety of Exhibits A through F to the Paynter Declaration is overly broad and not narrowly tailored to seek only the sealing of sealable material. Defendant has also not established compelling reasons that outweigh the public's interest in access to the documents, which is particularly strong in light of the pending motion for final approval of a class action settlement. Exhibits A and B consists of expert reports originally filed by Plaintiffs in connection with their motion for class certification. Exhibits C through F are Plaintiffs' merits expert reports. Defendant represents that Exhibits A and B "have already been sealed by this Court" and that

2

Exhibits C through F contain "trade secrets and other highly confidential material that is indistinguishable from, and in many cases identical to, the highly confidential information contained in Plaintiffs' class certification reports." Schatz Decl. ¶ 5.

However, the Court did not previously grant permission to file the entirety of Exhibits A and B under seal. Instead, the Court granted permission to seal only portions of these documents under seal. See Docket No. 198, 60, 67 (addressing the MacKie-Mason Declarations). Indeed, the majority of these documents were filed in the public record. See, e.g., Docket Nos. 78-1, 231-1, 236-1. Further, although Defendant states that Exhibits C through F contain, for example, "the financial metrics of EA's licensing agreements, forward-looking business strategies, confidential negotiations and negotiation tactics, and confidential research and development activities," it does not identify which portions of these documents contains such information nor does it explain what compelling reasons might support restriction of public access. General averments that the activities or tactics at issue are "confidential" are insufficient. In addition, it is clear that portions of Exhibits C through F are not sealable. For example, Exhibit C contains, among other things, the resume of Plaintiffs' expert and a list of publicly available websites that he reviewed in preparing his opinions.

Accordingly, for the reasons set forth above, the Court GRANTS in part and DEFERS in part Plaintiffs' motion to file under seal (Docket No. 424). In accordance with General Order 62, within four days of the date of this Order, Plaintiffs shall

3

1 electronically file Exhibit B to the Scarlett Declaration under
2 seal.
3     Within three days of the date of this Order, Defendant shall
4 lodge with the Court a version of A through F to the Paynter
5 Declaration, in which it has clearly identified the sealable
6 portions of the documents with notations or highlighting in the
7 text. By that date, Defendant shall also file a supplemental
8 sworn declaration in support of the motion to seal, setting forth
9 in a table similar to the below example, the reason or reasons
10 that each identified portion of the documents is sealable:

| Document | Portion | Reason that it is sealable |
|---|---|---|
| Paynter Declaration | None | |
| Exhibit A | All | |
| Exhibit A | 1:18-2:5 | |
| Exhibit B | 1-2 | |
| Exhibit B | 3-10 | |

17 At that time, Defendant also shall submit the supplemental
18 declaration in a word processing format to the Court's proposed
19 order email box, cwPO@cand.uscourts.gov.
20     Defendant's failure to comply with the terms of this Order
21 will result in denial of the remainder of the motion to seal and
22 these documents being made part of the public record.
23     IT IS SO ORDERED.

Dated: 1/16/2013

                        CLAUDIA WILKEN
                        United States District Judge