IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEOFFREY PECOVER; and ANDREW
OWENS, on behalf of themselves
and all others similarly
situated,

         Plaintiffs,

    v.

ELECTRONIC ARTS, INC.,

         Defendant.

_____/

No. C 08-2820 CW

ORDER GRANTING IN
PART AND DENYING
IN PART
PLAINTIFFS' MOTION
TO FILE UNDER SEAL
(Docket No. 424)

On January 3, 2013, Plaintiffs moved, pursuant to Civil Local Rule 79-5, to seal Exhibit B to the Scarlett Declaration and Exhibits A through F to the Paynter Declaration submitted in support of their motion for final approval of the class action settlement in this case. Docket No. 424. On January 16, 2013, the Court granted permission to seal Exhibit B to the Scarlett Declaration and deferred ruling on the remainder of the motion to seal. Docket No. 430. On that date, the parties filed a stipulation indicating that various non-parties, as well as Defendant Electronic Arts, Inc. (EA), had designated as confidential certain material in the exhibits to the Paynter Declaration. Docket No. 431. The Court granted the non-parties and EA until January 31, 2013 to file declarations in further support of the motion to seal. Docket No. 432. On January 31, 2013, EA and non-parties National Football League (NFL), National Football League Players Association (NFLPA) and Collegiate

Licensing Corporation (CLC) filed declarations in further support
of Plaintiffs' motion to seal.   Docket Nos. 434-37.

To establish that these documents are sealable, parties "must
overcome a strong presumption of access by showing that
'compelling reasons supported by specific factual findings . . .
outweigh the general history of access and the public policies
favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d
665, 679 (9th Cir. 2010) (citation omitted).   This cannot be
established simply by showing that the document is subject to a
protective order or by stating in general terms that the material
is considered to be confidential, but rather must be supported by
a sworn declaration demonstrating with particularity the need to
file each document under seal.   Civil Local Rule 79-5(a).

No party or non-party has provided reason to seal any portion
of Exhibit F to the Paynter Declaration.   However, EA, NFL, NFLPA
and CLC have each provided compelling reasons sufficient to
support the sealing of certain portions of Exhibits A through E to
that declaration.   The Court identifies these portions in a table
below, along with a numerical code that indicates the reason that
each section has been found to be sealable, and grants permission
to file those sections under seal, as set forth in the table.

The designating party has shown that the sections labeled
with a number one on the table contain information about its
pricing models, revenue data, and marketing and sales strategies,
including budgets, spending and internal analysis of third party
game reviews, and that public disclosure would provide its
competitors with insight into its currently implemented business
strategies, negatively impact it in future business transactions

United States District Court
For the Northern District of California

2

**United States District Court**
For the Northern District of California

and negotiations and place it at a competitive disadvantage.  The
designating party has shown that the sections labeled with a
number two contain details of specific license terms, such as
royalty tiers and minimum financial guarantees and the scope of
exclusive and non-exclusive rights granted, in consummated or
proposed license agreements, and that they should be sealed
because, in future negotiations, potential business partners could
use the information to gain a bargaining advantage over the
designating party or its clients, and competitors could use the
information to gain a commercial advantage over the designating
party or its clients when competing for licenses.  The designating
party has shown that the sections labeled with a number three
provide the financial details of its research and development
spending, including the development budgets of specific game
titles not at issue in this litigation.  The designating party has
shown that the portions labeled with a number four include details
of its negotiations for licensing agreements, including its
strategy, priorities and assessments of the risks and
opportunities associated with future business strategies and
licensing relationships, and that public disclosure could harm its
business relationships, provide its competitors with information
to use to gain a business advantage over it and allow its
licensing partners to obtain an advantageous bargaining position
in future negotiations.  Finally, the designating party has shown
that the sections labeled with a number five reveal its internal
assessment of key market factors and projection of future trends
in the video game market as well as its strategies for future

marketing and development, and that public disclosure would harm future negotiations and business dealings for it or its clients.

The Court denies permission to file under seal other portions of these exhibits, for which compelling reasons to seal were not shown.  These sections are also identified in the table below.

| Ex. | Portion[1] | Party | Granted | Code | Denied | Notes | |
|-----|-----------|-------|---------|------|--------|-------|--|
| A | pp. 7:12-13, 8:11-12 & n.25 | EA | X | 1 | | | |
| A | pp. 19:12-14, 20:1-9, 20:18-20, 21:6-14 & n. 83 | EA | X | 2 | | | |
| A | p. 21:13 | EA | X | 1 | | | |
| A | p. 22:1-9 | EA; CLC | X | 2 | | | |
| A | Exs. 1-2, 4-12, 14, 18-26 | EA | X | 1 | | | |
| A | All other portions | None | | | X | | |
| B | p. 17, n.31 | EA | X | 4 | | | |

[1] EA has provided chambers copies of these exhibits, in which it has identified the portions of each page that it and the non-parties have designated as confidential.  Where permission is granted to file certain pages, exhibits, footnotes or lines under seal, the Court refers only to the portions thereof that have been identified as confidential in these chambers copies.

**United States District Court**
**For the Northern District of California**

| Ex. | Portion[1] | Party | Granted | Code | Denied | Notes |
|---|---|---|---|---|---|---|
| B | pp. 22:14, 23:1-3, 24:4-18 | EA | X | 3 | | |
| B | p. 25:6-11 | EA | X | 2 | | |
| B | p. 43:4 | EA | X | 3 | | |
| B | p. 47, n.99 | EA | X | 4 | | |
| B | Exs. 4-6 | EA | X | 3 | | |
| B | All other portions | None | | | X | |
| C | p. 6 & nn.18-19 | EA | X | 1 | | |
| C | p. 9 | EA, CLC | X | 2 | | |
| C | p. 17:6-8 | EA | | | X | This portion is marked as confidential by EA in the chambers copy but is not addressed in its declaration. Its content is also contained in the first two bullet points of note 68. |
| C | p. 17, n.68 | EA | X | 1 | | |
| C | p. 18, n.73 | EA | X | 4 | | |

United States District Court
For the Northern District of California

| Ex. | Portion[1] | Party | Granted | Code | Denied | Notes |
|---|---|---|---|---|---|---|
| C | p. 18-19 & n.74 | NFL | X as to p. 19 & n.74 only | 4 | X as to p. 18 | No portion of p. 18 is identified in the chambers copy. |
| C | p. 19 & n.78 | EA | X | 4 | | |
| C | p. 20 & n.80 | EA | | | X | The same information is disclosed in Exhibit D, p. 38, ¶ 60, which EA does not seek to seal. |
| C | p. 20 & nn.81-83 | NFL | X | 4 | | |
| C | p. 22 & n.85 | EA | X | 4 | | |
| C | p. 22 & n.88 | NFL | X | 2, 4 | | |
| C | p. 23 | EA | X | 2 | | |
| C | p. 23 & nn.89, 91 | NFL | X | 2, 4 | | |
| C | p. 25 & nn.99, 100 | EA | X | 4 | | |
| C | p. 26, n.105 | EA | X | 4 | | |

6

United States District Court
For the Northern District of California

| Ex. | Portion[1] | Party | Granted | Code | Denied | Notes |
|---|---|---|---|---|---|---|
| C | p. 26 & nn.104-06 | NFLPA | X as to p. 26:3-4, 26:7-9 & nn.104 & 106 & the portion of n.105 also designated by EA | 2, 4 | X as to p. 26:5-6 and the remainder of n.105 | |
| C | pp. 27-28 & n.113 | EA | X | 2, 4 | | |
| C | p. 29-30 & nn.120-21 | EA | X | 4 | | |
| C | p. 29-30 & nn.120-21 | CLC | X, except as to p. 30:9-10, before n.127 | 4 | X as to p. 30:9-10, before n.127 | |
| C | p. 31 & nn.130, 133 | EA | X | 2, 4 | | |
| C | p. 31 & nn.130, 132 | CLC | X | 2, 4 | | |
| C | pp. 32-33 & n.139 | EA | X | 2, 4 | | |
| C | p. 34 & nn.155, 156 | EA | X | 2, 4 | | |
| C | p. 35 | NFLPA | X | 2 | | |

| Ex. | Portion[1] | Party | Granted | Code | Denied | Notes |
|---|---|---|---|---|---|---|
| C | pp. 35–36 & nn.159, 163–64 | EA, CLC (p. 36 only), NFL (p. 36 only) | X, except: in the sentence preceding n.168, from the start of the sentence through the word "deal"; and the entire sentence preceding n.170 | 2, 4 | X as to the remainder | |
| C | p. 64, n.241 | EA | | | X | |
| C | p. 65, n.246 | CLC | X | 5 | | |
| C | p. 66 & n.249 | NFL | | | X | |
| C | p. 67 | EA | X | 2 | | |
| C | pp. 73–74 | EA, NFL, NFLPA, CLC | X | 2, 4 | | |
| C | p. 77, n.282 | EA | X | 1 | | |
| C | p. 84 & n.304 | NFL | X | 4 | | |
| C | p. 85, n.308 | EA | X | 1 | | |
| C | p. 86 | EA | X | 2 | | |
| C | pp. 96–97 & nn.337, 339 | EA | X | 3 | | |

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

| Ex. | Portion[1] | Party | Granted | Code | Denied | Notes |
|---|---|---|---|---|---|---|
| C | p. 98, n.343 | EA | X | 2, 3 | | |
| C | p. 98, n.345 | EA | X | 3 | | |
| C | p. 99 | EA | X | 2 | | |
| C | p. 99, n.349 | EA | X | 1 | | |
| C | pp. 104-05 & n.364 | EA | X as to 104:5-6 and n.364 | 2, 4 | X as to 104:19-105:2 | |
| C | p. 107 | EA | X | 4 | | |
| C | Ex. 58 | EA, NFL, NFLPA, CLC | X | 2, 4 | | |
| C | Exs. 81-84 | EA | X | 3 | | |
| C | All other portions | None | | | X | |
| D | p. 11, ¶ 19 | EA; CLC (last portion only) | X | 2, 5 | | |
| D | p. 21, ¶ 31 | EA | X | 1 | | |
| D | p. 27, n.90 | EA, CLC | X | 2 | | |
| D | p. 30, ¶ 48 | EA | X | 2 | | |
| D | p. 38, ¶ 59 | EA | X | 2, 4 | | |

**United States District Court**
For the Northern District of California

| Ex. | Portion[1] | Party | Granted | Code | Denied | Notes |
|-----|-----------|-------|---------|------|--------|-------|
| D | p. 30, n.123 | EA, NFLPA | X | 2 | | |
| D | p. 30, nn.127-29 | EA | | | X | These footnotes are marked as confidential by EA in the chambers copy provided to the Court, but not addressed in its supporting declaration. |
| D | All other portions | None | | | X | |
| E | pp. 1-2 & n.2 | NFL, CLC | X | 4 | | |
| E | p. 11, n.17 | CLC | X | 5 | | |
| E | p. 11, n.17 | EA | | | X | |
| E | p. 23 | EA | X | 2 | | |
| E | p. 25, n.42 | EA | X | 2 | | |
| E | p. 26 & n.44 | EA | X | 4 | | |
| E | p. 26-27, n.46 | CLC | X | 4 | | |
| E | p. 27, n.47 | EA | X | 2 | | |

United States District Court
For the Northern District of California

| Ex. | Portion[1] | Party | Granted | Code | Denied | Notes |
|-----|-----------|-------|---------|------|--------|-------|
| E | pp. 28-29 & nn.52-54 | EA | X | 2 | | |
| E | pp. 28-30 & n. 52 | NFL | X | 2 | | |
| E | p. 28 & n.54 | CLC | X as to n.54 | 2 | X as to p. 28 | |
| E | p. 30 & n.64 | EA, CLC, NFLPA | X | 2 | | Although NFLPA does not address this page or footnote in its declaration, EA and CLC have provided compelling reasons to seal the identified sections. |
| E | p.31 | EA | X as to the identified portion in the sentence that begins, "He argues . . ." | 2 | X as to the identified portion in the sentence beginning, "Professor Kalt claims . . ." | |

| Ex. | Portion[1] | Party | Granted | Code | Denied | Notes |
|-----|-----------|-------|---------|------|--------|-------|
| E | p. 32-33 & n.72 | EA; CLC; NFLPA | X, except as to the portion that reads, "and that this is 'pro-consumer.'" | 2, 3 | X as to the portion that reads, "and that this is 'pro-consumer.'" | Although NFLPA does not address this page or footnote in its declaration, EA and CLC have provided compelling reasons to seal the identified sections, except as indicated. |
| E | p. 33 & nn.73-74 | NFL | X | 2, 4 | | |
| E | p. 34 | EA | X | 2 | | |
| E | p. 37-38 | EA | X | 3 | | |
| E | p.38-39, n.95 | EA | X | 2, 3, 4 | | |
| E | p. 42-43 & n.104 | EA | X | 2, 4 | | |
| E | All other portions | None | | | X | |

For the reasons set forth above, Plaintiffs' motion to file under seal is granted in part and denied in part (Docket No. 424). Within one day of the date of this Order, the parties shall file Exhibits A through E to the Paynter Declaration under seal and shall file in the public record Exhibit F and versions of Exhibits A through E that have been redacted in accordance with this order. By that time, the parties shall also ensure that the redacted

versions of Exhibits A through E and the complete Exhibit F are made available on the settlement website located at www.easportslitigation.com.

    IT IS SO ORDERED.

Dated: 2/4/2013

CLAUDIA WILKEN
United States District Judge