Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Stuart M. Paynter (226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@smplegal.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEOFFREY PECOVER and ANDREW OWENS, on behalf of themselves and a class of person similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC ARTS INC., a Delaware Corporation,<br><br>Defendant. | No. 08-cv-02820 CW<br><br>ADMINISTRATIVE MOTION REQUESTING *NUNC PRO TUNC* APPROVAL OF SUPPLEMENTAL CLASS NOTICE<br><br><br>ACTION FILED: June 5, 2008 |

010017-11  603519 V1

## I. INTRODUCTION

Plaintiffs respectfully request that this Court approve, *nunc pro tunc*, the supplemental notice sent to class members by the claims administrator on April 15, 2013. Unfortunately, as a result of time pressure, Class Counsel did not notice that this Court had made edits to paragraph 2, 3 and 9 of the supplemental notice. Instead, Class Counsel mistakenly directed the administrator to send the version submitted to the Court on April 12, 2013.

The response of the class to date, however, has been overwhelming. Over 69,000 class members have submitted claims in the last week – nearly doubling the number of class members who have made claims in this case. Plaintiffs request that this Court retroactively approve the notice sent, as the overwhelming response by class members indicates that the notice as sent was effective. While Plaintiffs are willing to send a corrected notice if the Court so directs, Class Counsel believe that sending a corrected notice will simply engender confusion with no appreciable benefit. Plaintiffs believe that this error will not make a material difference to the class, especially given the overwhelming response received.

Plaintiffs have consulted with Electronic Arts Inc. regarding this filing, and it does not object to the proposed retroactive approval of the notice.

## II. ARGUMENT

### A. Plaintiffs Were Unaware the Court Made Edits to Paragraphs 2, 3 and 9 of the Supplemental Notice

Time pressure resulted in an unfortunate (although minor) error in class notice. By this Court's order, supplemental notice was due to be sent to the class on Monday, April 15, 2013. On Friday, April 12, 2013, class counsel received notice from the notice administrator, Gilardi & Co. LLC, that it required the final version of the supplemental notice by the afternoon of Friday April 12, 2013.[1] On the afternoon of April 12th, Plaintiffs spoke with the clerk and submitted a letter to the Court requesting immediate approval of the supplemental notice or relief from the April 15,

---

[1] Declaration of Tricia M. Solorzano on Behalf of Settlement Administrator in Support of Approval of Supplemental Notification ("Solorzano Decl."), ¶ 3, filed concurrently herewith.

ADMIN. MOT. REQUESTING *NUNC PRO TUNC* APPROVAL
OF SUPPLEMENTAL NOTICE – No. 08-cv-02820 CW      - 1 -

010017-11  603519 V1

2013 deadline.[2] Two versions had been proposed to the Court – one from Electronic Arts and one from Plaintiffs. The only difference between the two versions was whether the trebling of the class members' alleged damages and possible claims would be calculated for class members in paragraph 9.[3]

This Court issued approval of the supplemental notice at approximately 3:52 p.m. on Friday, April 12, 2013. Given the deadline for the claims administrator, Plaintiffs were able to perform only a brief review of the documents and believed that the version approved by the Court was the version submitted by Plaintiffs. It was that version that class counsel forwarded to the claims administrator at 3:57 p.m. on Friday, April 12, 2013 to meet the notice administrators' deadline.[4] Plaintiffs simply did not realize that the Court had made additional edits to the document.[5]

**B.    Plaintiffs Request *Nunc Pro Tunc* Approval of the Supplemental Notice Given the Overwhelming Class Response**

Given the overwhelmingly positive response by class members, Plaintiffs believe that the error in the notice is immaterial. First, as outlined in the accompanying Solorzano declaration – Gilardi has received approximately 69,000 claims from class members since the April 15, 2013 supplemental notice.[6] This ***doubles*** the number of claims received since the original notice in this case – to approximately 123,512.[7] In addition, both the notice administrator and class counsel have responded to many e-mails and phone calls from class members in the last week. Second, the differences in the notices serve to simplify the notice to the class, but do not substantially change the content of the notice to the class.

---

[2]   Letter from Shana E. Scarlett to J. Wilken requesting for an extension of supplemental notice to the class, April 12, 2013, ECF No. 453.

[3]   Attachment B to Plaintiffs' Proposed Supplemental Notice, April 9, 2013, ECF No. 450-2.

[4]   Solorzano Decl., ¶ 3.

[5]   Exhibit A to the Declaration of Shana E. Scarlett in Support of Administrative Motion Requesting *Nunc Pro Tunc* Approval of Supplemental Class Notice, filed concurrently herewith, (redline comparing April 9, 2013 proposed notice to April 12, 2013 approved notice).

[6]   *Id.*, ¶ 4.

[7]   Scarlett Decl., Ex. B (report of claims submitted to date).

ADMIN. MOT. REQUESTING *NUNC PRO TUNC* APPROVAL
OF SUPPLEMENTAL NOTICE – No. 08-cv-02820 CW         - 2 -

010017-11  603519 V1

Although issuing a second supplemental notice is feasible, Class Counsel believes it would cause unnecessary administrative expense and cause confusion with class members. Sending an additional supplemental notice to the 9,760,682 class members would cost an additional $59,016.[8] Given the positive and encouraging response of class members, Plaintiffs do not believe that this additional supplemental notice is necessary. Moreover, issuing a second supplemental notice with additional corrections might only serve to confuse class members. Already many of the questions asked by class members focus only on why additional notice was being sent at this time. If the Court does require an additional supplemental notice, however, Class Counsel are willing to pay for this additional notice from their attorneys' fees.

### III.  CONCLUSION

Plaintiffs, Electronic Arts Inc. and the claims administrator, Gilardi & Co., LLC, have worked efficiently and cooperatively to provide supplemental notice to the class members, to respond to class members' concerns and to ensure the maximum response possible from the class. The minor differences in the supplemental notice have turned out to be immaterial, given the extraordinary response from class members. Respectfully, Plaintiffs request that this Court approve the supplemental notice *nunc pro tunc* and allow the settlement to continue on the current schedule.

DATED:  April 22, 2013                     HAGENS BERMAN SOBOL SHAPIRO LLP

By _____/s/ Shana E. Scarlett_____
SHANA E. SCARLETT

Jeff D. Friedman
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

---

[8] *Id.*, ¶ 5.

Stuart M. Paynter (226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, DC 20005
Telephone:  (202) 626-4486
Facsimile:   (866) 734-0622
stuart@smplegal.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594
steve@hbsslaw.com

Class Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                         /s/ Shana E. Scarlett
                         SHANA E. SCARLETT