Theodore H. Frank (SBN 196332)
Melissa A. Holyoak (MO Bar No. 62602, *pro hac vice*)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW, No. 236
Washington, DC 20036
Voice: (703) 203-3848
tedfrank@gmail.com
melissaholyoak@gmail.com

Kyle F. Graham (SBN 218560)
1009 Portola Road
Portola Valley, CA 94028
kylefgraham@hotmail.com
(650) 530-2330

*Attorneys for Objector Theodore H. Frank*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEOFFREY PECOVER and ANDREW OWENS, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC ARTS INC., a Delaware Corporation,<br><br>Defendant,<br><hr>THEODORE H. FRANK,<br><br>Objector. | Case No. C 08-02820 CW<br><br>**NOTICE OF MOTION, UNOPPOSED MOTION FOR ATTORNEYS' FEES AND MEMORANDUM IN SUPPORT**<br><br>Hon. Claudia Wilken<br><br>Date:     August 1, 2013<br>Time:     2:00 p.m.<br>Courtroom:  2, 4th Floor<br><br>**CLASS ACTION** |

**NOTICE OF MOTION AND UNOPPOSED MOTION**

PLEASE TAKE NOTICE that on August 1, 2013, at 2:00 p.m. or as soon thereafter as the matter may be heard by the Honorable Judge Claudia Wilken of the United States District Court of the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California, Courtroom 2, 4th Floor, Objector Frank will and hereby does move the Court pursuant to Local Rule of Civil Procedure 54-5 for an order awarding Objector Frank attorneys' fees in the amount of $33,975 to be paid out of class counsel's fee award. Class counsel does not oppose Frank's request for an order awarding $33,975 attorneys' fees to be paid out of class counsel's fee award.

This motion is based on this Notice of Motion and Unopposed Motion for Attorneys' Fees, and the following memorandum of points and authorities, and such other matters as the Court may consider.

PLEASE TAKE FURTHER NOTICE that, in accordance with the Local Rule 7-2, a proposed form of Order is attached.

PLEASE TAKE FURTHER NOTICE that the undersigned consents to disposition of this motion without oral argument in accordance with Local Rule 7-1(b).

**STATEMENT OF COURT ACTION SOUGHT**

Objector Frank requests the Court enter an order awarding Objector Frank attorneys' fees in the amount of $33,975 to be paid out of class counsel's fee award. Class counsel does not oppose Frank's request for an order awarding $33,975 attorneys' fees to be paid out of class counsel's fee award.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Objectors who provide a material benefit to the class through their objections are entitled to fees as a matter of law. *See Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012) (objectors are entitled to attorneys' fees when they confer a substantial benefit on the class). Frank's objection revealed the imbalance of the proposed settlement where the projected median payout in claims totaled just $1.8 million (6% of the $27 million settlement fund), leaving $14.9 million of which the distributions to class members and *cy pres* was unclear because the claims process was not complete. *See* Frank Objection,

Dkt. 404 at 8. Frank further argued that *cy pres* recipients were being unfairly favored over Seventh Generation members who were excluded from the automatic distribution. *See id.*

At the fairness hearing, this Court sustained the objections over the arguments of the settling parties, which defended the unfair distribution. At the Court's behest, the parties revised the plan of distribution to provide distributions to the Seventh Generation members and additional payout to class members. Frank's objection was accurate. In their revised plan of distribution, the settling parties revealed that under the original settlement, the class would have received just $2.2 million and *cy pres* recipients would have received $14.6 million. The revised distribution reallocated the *cy pres* funds so that the total class recovery is now $13.7 million (including an automatic distribution of $2.2 million to Seventh Generation members) instead of $2.2 million—an $11.5 million benefit to the class.

Thus, pursuant to Local Rule 54-5, Objector Frank files this memorandum in support of his accompanying motion for attorneys' fees. Under the common benefit principle, Frank is entitled to a reasonable percentage of the $11.5 pecuniary improvement in the settlement, but Frank seeks only a portion of the actual lodestar in this case, $33,975—which works out to just 0.3% of the marginal benefit from the objection—to be paid by plaintiffs' attorneys so as to not deplete the settlement fund. Class counsel does not oppose Frank's request for an order of $33,975 to be paid out of class counsel's fee award.

I. **FRANK IS ENTITLED TO FEES FOR THE CLASS BENEFIT ATTRIBUTABLE TO THE FRANK OBJECTION.**

Frank's objection argued that the potential class recovery was disproportionate to the *cy pres* award:

| | |
|---|---:|
| Estimated Payout to Claimants | $1,824,554 |
| Additional Payout to Sixth Generation | ? |
| Class Counsel Fees/Expenses | $9,290,000 |
| Notice and Administration Expenses | $927,012 |
| Representative Plaintiff Incentive Award | $10,000 |
| ***Cy Pres Award*** | **$14,948,434** |
| TOTAL AMOUNT | $27,000,000 |

*See* Dkt. 404 at 24. Frank further argued that the settlement unfairly favored the *cy pres* recipients over

the Seventh Generation class members that were excluded from the additional distribution. (Dkt. 404 at 11).[1] While the amount of automatic distributions was uncertain at the time of hearing, it is now clear that under the original proposed settlement, the total class recovery would have been $2,172,148. *See* Revised Plan of Distribution, Dkt 446 at 4. This would have left $14.6 million to *cy pres*. Because "[c]lass members are not indifferent to whether funds are distributed to them or to *cy pres* recipients, and class counsel should not be either," "[b]arring sufficient justification, *cy pres* awards should generally represent a small percentage of total settlement funds." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 174, 178 (3d Cir. 2013). *Cy pres* recipients under the original settlement would have received **over six times** class members' recovery.

At the fairness hearing, the Court agreed that the plan of distribution should be amended to provide distributions to Seventh Generation members and additional recovery to class members, and requested the settling parties to propose a revised plan of distribution. Frank filed briefing in support of plaintiffs' proposed plan and against defendant's proposed plan. *See* Frank's Response to Proposed Plan, Dkt. 448 at 1. The Court approved class counsel's resubmitted plan which provided treble damages to all class members and included Seventh Generation members in the automatic distribution. *See* Order Regarding Revised Distribution, Dkt. 449 at 1.[2] The final distribution to class members is as follows:

---

[1] Frank also argued that the relationship between the class interests and the *cy pres* recipients was attenuated and did not comply with Ninth Circuit law. *See* Frank Objection, Dkt. 404 at 22. The Court agreed and ordered *cy pres* funds to escheat to the federal government. *See* Order Regarding Revised Distribution, Dkt. 449 at 2.

[2] Frank also filed a response to the supplemental notice proposals of the parties, suggesting that the notice use "tripled" instead of "trebled" for the purpose of comprehensibility. Dkt. 452 at 2-3. The Court adopted Frank's proposal. Dkt. 454-1. Unfortunately, due to administrator error, the revised notice was never deployed. Dkt. 458 at 1.

| | |
|---|---:|
| Estimated Payout to Claimants | $8,081,675.13 |
| Additional Payout to Sixth Generation | $3,418,078.74 |
| Additional Payout to Seventh Generation[3] | $2,214,458.27 |
| Class Counsel Fees/Expenses | $9,290,000.00 |
| Notice and Administration Expenses | $1,084,306.53 |
| Representative Plaintiff Incentive Award | $10,000.00 |
| ***Escheat to Federal Government*** | **$2,901,481.33** |
| TOTAL AMOUNT | $27,000,000.00 |

*See* Plaintiffs' Report on Claims, Dkt. 462 at 3. Payout to claimants of $8,081,675.13, plus Sixth Generation automatic distributions of $3,418,078.74 and Seventh Generation automatic distributions of $2,214,458.27, equals total class recovery of $13,714,212.

At the time of the fairness hearing, the settling parties were requesting approval of a settlement that would have provided $2,172,148 to class members and $14.6 million to *cy pres* recipients. Because Frank revealed the imbalance in the proposed settlement—including the exclusion of the Seventh Generation members—the class recovery improved from $2,172,148 to $13,714,212, an improvement of over $11,542,064 million (or 84% of the total class benefit).

Class counsel has previously argued that Frank should not be attributed the improvement to recovery because it was class counsel who suggested trebling of damages for class members. *See* Plaintiffs' Report Regarding Claims, 462 at 4. Yet that argument ignores the fact that at the fairness hearing class counsel had proposed and were defending the original settlement that would have provided only $2.2 million total recovery to the class. In fact, plaintiffs argued that despite Frank's objection regarding the disproportionate *cy pres* award, additional class relief was unnecessary as claimants were receiving 100 percent of their alleged damages and treble damages could only be obtained if plaintiffs prevailed at trial. *See* Plaintiffs' Response to Objections, Dkt. 421 at 10. Without Frank's objection, which specifically argued for augmented payments to class members from the *cy pres* allocation (*see*

---

[3] In Plaintiffs' Report on Claims, they assert that the Seventh Generation automatic distribution totals $92,562.93. (Dkt. 462 at 3). Plaintiffs have incorrectly calculated this payout. The settling parties have addresses for 92,539 Seventh Generation purchasers and the average claim for Seventh Generation purchasers is $23.93 (Revised Plan, Dkt. 446 at 6, Plaintiffs' Report Regarding Claims, Dkt. 463 at 3) which totals $2,214,458.27. Plaintiffs' Report on Claims apparently mistakenly added instead of multiplied the two numbers.

Dkt. 404 at 6-7), that settlement could have been approved and the class left with only a fraction of what the *cy pres* recipients would be receiving. It was only after this Court ordered that the plan be revised to provide additional recovery to class members—because Frank revealed the imbalance of the proposed settlement—that class counsel suggested the treble recovery.

Frank specifically objected to the Seventh Generation exclusion and is responsible for the $2,214,458.27 automatic distribution to the Seventh Generation class members. *See* Frank Objection, Dkt. 404 at 11; Plaintiffs' Report Regarding Claims, Dkt. 462 at 3. Plaintiffs previously argued that although Frank proposed the automatic distribution to Seventh Generation class members, such distribution was not previously feasible given the earlier number of addresses believed available for class members. *See* Plaintiffs' Report Regarding claims, Dkt. 462 at 4. But plaintiffs had previously defended exclusion of the Seventh Generation members not based on the number of addresses, but because the $0.78 cost to send the checks to class members outweighed the "modest" recovery Seventh Generation members would receive of $1.95 per title. *See* Plaintiffs' Response to Objections, Dkt. 421 at 8-9. More important, no matter the reason for plaintiffs' previous exclusion of Seventh Generation members, Frank's objection revealed the feasibility of distributions to the Seventh Generation because *cy pres* recipients could receive up to $14.9 million while Seventh Generation members received nothing. Dkt. 404 at 8.[4]

Frank is entitled to a share of the total attorneys' fees awarded in this case because he realized a substantial pecuniary benefit to the class. *See Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012) (objectors are entitled to attorneys' fees when they confer a substantial benefit on the class); *Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir. 1994) (error to deny fees to objector that benefitted class). In *Rodriguez v. W. Pub. Corp.*, the Ninth Circuit held that it was "clearly erroneous" to deny an objector attorneys' fees where the objector had raised issues that the court had not previously considered. 563

---

[4] Even if based solely on $2.2 million recovery achieved for the Seventh Generation members, Frank's $33,975 requested award constitutes only 1.6% of that recovery, and is still well within the range of reasonable fee awards. *See e.g., Dewey v. Volkswagen of Am.*, No. 07-2249, 2012 U.S. Dist. LEXIS 177844, at *64 (D.N.J. Dec. 14, 2012) (awarding the Center for Class Action Fairness "10.5% of the benefit conferred, well within the range of acceptable percentages-of-recovery"). Objectors are entitled to fees even if they benefit only a portion of the class. *See id.* at *63-64.

F.3d 948 (9th Cir. 2009). Judge Posner similarly held in *Reynolds v. Beneficial Nat'l Bank* that objectors' "lawyers who contribute materially to the proceeding" are entitled to a fee, even if the judge would have *sua sponte* made the same finding without the objection. 288 F.3d 277, 288 (7th Cir. 2002).

Frank is requesting $33,975, or less than 0.3% of the $11.5 million improved recovery for class members. In calculating attorneys' fees, the percentage-of-recovery approach "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005). The benchmark for a reasonable award in the Ninth Circuit in a case alleging economic injury is 25% of the class benefit. *In re Bluetooth Headset Prod. Liab. Litig*., 654 F.3d 935, 942 (9th Cir. 2011).

The appropriate percentage of recovery should be utilized for objectors' counsel as it is for class counsel. *See, e.g., Dewey v. Volkswagen of Am*., No. 07-2249, 2012 U.S. Dist. LEXIS 177844, at *64 (D.N.J. Dec. 14, 2012) (awarding the Center for Class Action Fairness "10.5% of the benefit conferred, well within the range of acceptable percentages-of-recovery"); *In re Puerto Rican Cabotage Antitrust Litig*., 815 F. Supp. 2d 448, 468 (D.P.R. 2011) (finding that "10% [of $3 million benefit conferred] is reasonable and appropriate to reflect Objectors' time, effort, ingenuity and success in increasing the kitty for the benefit of the Class."); *Lan v. Ludrof,* 2008 WL 763763, at *28 (W.D. Pa. Mar, 21, 2008) (awarding objector 25% of the increase in the benefit to the class); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695 (3d Cir. 2004) (awarding objector $1,260,000 which was 1.4% of class counsel's fee award because objection was responsible for 1.4% of class recovery). Frank would be well within his rights to request as much as 10% of the augmented recovery to the class; his actual request for $33,975 is less than 0.3% and well within this Circuit's benchmark and the range of acceptable percentage fee awards. Even if the augmented amount is considered to be only $2.2 million, the request is less than 1.6%.

A 0.3% (or 1.6%) award is facially reasonable, and substantially less than Frank would be entitled to under existing law. Because the Center is non-profit, however, it has agreed with class counsel to limit

its fee request to $33,975, rather than litigate over a larger amount that it would have to cede back to the class.[5]

## II. OBJECTORS' FEE AWARDS SHOULD BE FUNDED FROM CLASS COUNSEL'S FEE AWARD.

As countless courts from around the country have held, objector fees should be paid out of class counsel's award. *E.g., Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-817 (N.D. Ohio 2010) (awarding objector's attorneys' fees out of class counsel's fee award); *Parker v. Time Warner Entm't Co., L.P.,* 631 F. Supp. 2d 242, 277 (E.D.N.Y. 2009) (same); *In re Prudential Ins. Co. of Am.*, 273 F. Supp. 2d 563, 573 (D. N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3d Cir. 2004) (same); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973-74 (E.D. Tex. 2000) (same); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F. Supp. 2d 175, 176 (D. Mass. 1998) (same); *In re Horizon/CMS Healthcare Corp. Secs. Litig.*, 3 F. Supp. 2d 1208, 1215 (D.N.M. 1998) (same).

Objectors' expenditures of time and effort should not have been necessary to compel the parties to arrive at a reasonable settlement. The costs of proposing an initially unreasonable settlement should not be borne by class members themselves—who had nothing to do with the first proposal. The costs should be borne by class counsel—who had complete responsibility for the first proposal. Equity suggests that the class should not have to pay twice for a benefit they should have received at the outset. Class counsel has agreed that Frank's fees should be paid out of their award, rather than the settlement fund.

---

[5] While the Center, as a non-profit, is limited in the total awards of fees it may receive in any given year, Rev. Proc. 92-59, 1992-2 C.B. 411, its non-profit status does not preclude it from being awarded fees as any other counsel. Representation that is *pro bono* and/or by a non-profit does not preclude a request for attorneys' fees of the same size that a for-profit firm could recover. *E.g., In re Primus*, 436 U.S. 412, 429-31 (1978) (ACLU and NAACP); *Blum v. Stenson*, 465 U.S. 886, 894-95 (1984) (*pro bono publico* representation not grounds for reducing attorneys' fees) (42 U.S.C. § 1988); *Cuellar v. Joyce*, 603 F.3d 1142 (9th Cir. 2010) ("The fact that Cuellar's lawyers provided their services pro bono does not make a fee award inappropriate."); *cf. also Morrison v. CIR*, 565 F.3d 658 (9th Cir. 2009).

### III. A LODESTAR CROSS-CHECK CONFIRMS THAT $33,975 WILL NOT BE A WINDFALL TO FRANK.

A district court must utilize a lodestar cross-check because "the lodestar method can 'confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate.'" *Bluetooth*, 654 F.3d at 945. Here, the lodestar for Frank's attorney, Melissa A. Holyoak, for several rounds of briefing and attendance at a fairness hearing is $33,975, billed at $450/hour. The lodestar is conservative as it excludes travel time and expenses. The lodestar is also especially efficient given that the objector is Frank, an experienced attorney and a leading national authority on class action settlements who bills private clients between $750/hour and $900/hour, and who contributed his own time to the case editing and researching the briefs, drafting declarations, and consulting with Holyoak on strategy. Frank acknowledges, though, that as the objector he does not have any entitlement to fees for his own time. *Cf. Kay v. Ehrler*, 499 U.S. 432 (1991) (Section 1988). Still, given that multiple class members had contacted the Center regarding the proposed settlement, it would have taken little effort to use an objector other than Frank to have the same result, but permit the Center to claim lodestar for Frank's time: the lodestar is thus much less than it could have been. Furthermore, the Center is not seeking any lodestar for the time of Center attorney Adam Schulman spent researching and editing briefs or for Kyle F. Graham's *pro bono* service as local counsel.

Objection entails risks. There is no guarantee a court will honor objections (*see e.g., In re TFT-LCD (FLAT PANEL) Antitrust Litigation*, MDL 3:07-md-1827, 2011 U.S. Dist. LEXIS 154288 (N.D. Cal. Dec. 27, 2011) (overruling objections)); a successful objection may merely scuttle a settlement without class benefit creating an entitlement to attorneys' fees; and there is no guarantee that class counsel will accede to a fee request. *E.g., In re Apple Inc. Secs. Litig.*, 5:06-CV-05208-JF (HRL), 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011). Though the Center has had dozens of successful objections, including six successful federal appeals, this is only the eighth time the Center has sought

fees.[6] A $33,975 award to the Center would be equal to its lodestar, which is presumptively reasonable. *Perdue v. Kenny A*, 139 S.Ct. 1662 (2010).

## CONCLUSION

The result in this case proves that objectors can provide a "critically valuable service." *Lane v. Facebook*, 696 F.3d 811, 830 (9th Cir. 2012) (Kleinfeld, J. dissenting), *rehearing en banc den'd*, 709 F.3d 791 (2013). The original settlement would have given $2.2 million to class members and $14.6 million to *cy pres* recipients. After Frank's objection, the distribution has completely reversed and now provides $13.7 million to class members and $2.9 million residual funds to the federal government. Objector Frank requests just 0.3% of the $11.5 million improvement. Frank asks this Court grant his request for attorneys' fees in the amount of $33,975. Class counsel does not oppose Frank's request for an order of $33,975 to be paid out of class counsel's fee award.

Dated: June 13, 2013                    Respectfully submitted,

*/s/ Melissa A. Holyoak*
Theodore H. Frank (SBN 196332)
Melissa A. Holyoak (MO Bar No. 62602, *pro hac vice*)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW, No. 236
Washington, DC 20036
melissaholyoak@gmail.com
(703) 203-3848

Kyle F. Graham (SBN 218560)
1009 Portola Road
Portola Valley, CA 94028
kylefgraham@hotmail.com
(650) 530-2330

*Attorneys for Objector Theodore H. Frank*

---

[6] One of the Center's fee requests remains pending. *In re Bayer Corp. Combination Aspirin Prods. Marketing and Sales Practice Litigation*, No. 09-md-2023 (BMC) (JMA) (E.D.N.Y..). The Center's other six fee requests were successful. *In re Apple Inc. Secs. Litig.*, 5:06-CV-05208-JF (HRL), 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011) ($87,000); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-817 (N.D. Ohio 2010) ($39,936); *Fogel v. Farmers Groups, Inc.*, No. BC300142 (Cal. Sup. Ct. (L.A. County) 2011) ($47,577); *In re New Motor Vehicles Canadian Export Antitrust Lit.*, 842 F. Supp. 2d 346, 351 (D. Me. 2012) ($10,000); *Weeks v. Kellogg Co.*, No. CV-09-08102 (MMM) (C.D. Cal. 2011) ($21,000); *Dewey v. Volkswagen of Am.*, No. 07-2249, 2012 U.S. Dist. LEXIS 177844 (D.N.J. Dec. 14, 2012) ($86,000).

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via first class mail to the following at the addresses listed below:

Tim Bresnahan
Department of Economics
Stanford University
579 Serra Mall
Stanford, CA 94305-6072

DATED this 13th day of June, 2013.

*/s/ Melissa A. Holyoak*

Melissa A. Holyoak

Case No. 08-02820 CW                                                                                      10
NOTICE OF MOTION, UNOPPOSED MOTION FOR ATTORNEYS' FEES AND MEMORANDUM IN SUPPORT