# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SAMUEL KELLER et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (NCAA); ELECTRONIC ARTS, INC.; and COLLEGIATE LICENSING COMPANY, <br><br> Defendants. | Case Nos. 4:09-cv-1967 CW, 4:09-cv-3329 CW <br><br> **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT** <br><br> Judge:     Hon. Claudia Wilken <br> Date:      July 16, 2015 <br> Time:      2:00 p.m. <br> Courtroom: Courtroom 4, 2nd Floor |
| EDWARD C. O'BANNON, JR. on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (NCAA); ELECTRONIC ARTS, INC.; and COLLEGIATE LICENSING COMPANY, <br><br> Defendants. | |

This matter (referred to herein as the "Lawsuits") came before the Court for hearing on July 16, 2015, pursuant to Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Dkt. No. 1222, filed on July 2, 2015 by plaintiffs in the actions captioned *O'Bannon, Jr. v. National Collegiate Athletic Association et al.*, 4:09-cv-03329-CW (N.D. Cal.) ("*O'Bannon*"); *Keller v. Electronic Arts, Inc. et al.*, Case No. 4:09-cv-01967-CW (N.D. Cal.) ("*Keller*"); *Hart v. Electronic Arts, Inc.*, Case No. 09-CV-05990-FLW-LHG (D.N.J.) ("*Hart*"); and *Alston v. Electronic Arts, Inc.*, 3:13-cv-05157-FLW-LHG (D. N.J.) ("*Alston*") (collectively, "Class Plaintiffs"), individually and as representatives of the Settlement Class defined in Paragraph 3 below, on the application of the settling parties for approval of the Settlement set forth in the Amended Class Action Settlement Agreement and Release (including Exhibits) ("Settlement Agreement" or "Settlement").[1]

Due and adequate notice of the Settlement having been given to the Settlement Class; the Court having carefully considered all papers filed and proceedings held herein, including the objections to the proposed Settlement and/or fee petitions, the Memorandum of Points and Authorities in Support of the Motion and the associated Declarations, the Settlement Agreement, the arguments of counsel, and the record in this case; the Court otherwise being fully informed in the premises; and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court grants the Motion for Final Approval of Class Action Settlement with Defendant Electronic Arts, Inc. and grants final approval to the Settlement. The Settlement Agreement is hereby incorporated into this District Court Final Approval Order ("Order and Final Judgment"), and all terms used herein shall have the same meanings set forth in the Settlement

---

[1] Dkt. No. 1158-1. This Court also has before it a motion for final approval of a proposed class action settlement in *NCAA Player Likeness Litigation*, No. 4:09-cv-1967-CW (Dkt. No. 1158-2), between the National Collegiate Athletic Association ("NCAA") and the *Keller* Plaintiffs (the "NCAA Settlement"). The two proposed class action settlements both concern the alleged use of NCAA men's football and basketball players' names, images, and likenesses in certain NCAA-Branded Videogames manufactured and distributed by Electronic Arts, Inc. The parties have coordinated the notice and claims administration of both settlements, as well as the various class settlement deadlines. Because the two settlements are separate, however, the Court will issue separate orders in each settlement, and has evaluated each proposed settlement on its own terms.

Case 4:08-cv-02820-CW   Document 477   Filed 08/19/15   Page 3 of 13

Agreement.

2. This Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve the Settlement Agreement.

3. The Court confirms its previous certification of the following Settlement Class consisting of three subclasses, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> a. <u>Antitrust Class Members</u>: All current and former student-athletes residing in the United States who competed on an NCAA Division I (formerly known as "University Division" before 1973) college or university men's basketball team or on an NCAA Football Bowl Subdivision (formerly known as Division I-A until 2006) men's football team and whose images, likenesses and/or names allegedly have been included or could have been included (by virtue of their appearance in a team roster) in or used in connection with NCAA-Branded Videogames published or distributed from July 21, 2005 until September 3, 2014. Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies, class counsel and their employees, and the judicial officers, and associated court staff assigned to cases listed in paragraph I of the Settlement Agreement.
>
> b. <u>*Hart/Alston* Right of Publicity Class Members</u>: All NCAA football and basketball players listed on the roster of a school whose team was included in an NCAA-Branded Videogame originally published or distributed during the period May 4, 2003 to May 4, 2007 and whose assigned jersey number appears on a virtual player in the software, or whose likeness was otherwise included in the software. Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies, Class Counsel and their employees, and the judicial officers, and associated court staff assigned to cases listed in paragraph I of the Settlement Agreement.
>
> c. <u>*Keller* Right of Publicity Class Members</u>: All NCAA football and basketball players listed on the roster of a school whose team was included in an NCAA-Branded Videogame originally published or distributed during the period May 5, 2007 to September 3, 2014 and whose assigned jersey number appears on a virtual player in the software, or whose likeness was otherwise included in the software. Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT     2     CASE NOS. 4:09-CV-1967 CW, 4:09-CV-3329 CW

companies, Class Counsel and their employees, and the judicial officers, and associated court staff assigned to cases listed in paragraph I of the Settlement Agreement.

Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies, class counsel and their employees, and the judicial officers, and associated court staff assigned to cases listed in Section I of the Settlement. EA, CLC, and the Released Parties shall retain all rights to assert that the Lawsuits may not be certified as a class action except for settlement purposes.

    4. The Court confirms its previous appointment of the following people as Class Representatives for the Antitrust Class: Edward C. O'Bannon Jr., Oscar Robertson, William Russell, Harry Flournoy, Alex Gilbert, Sam Jacobson, Thad Jaracz, David Lattin, Patrick Maynor, Tyrone Prothro, Damien Rhodes, Eric Riley, Bob Tallent, Danny Wimprine, Ray Ellis, Jake Fischer, Jake Smith, Darius Robinson, Moses Alipate, and Chase Garnham. The Court confirms its previous appointment of the following people as Class Representatives for the *Keller* Right of Publicity Class: Samuel Michael Keller, Bryan Cummings, LaMarr Watkins, and Bryon Bishop. The Court confirms its previous appointment of Ryan Hart and Shawne Alston as Class Representatives for the *Hart/Alston* Right of Publicity Class. The Court finds that these Class Representatives have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

    5. In accordance with the Antitrust Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards, and the Right of Publicity Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards (EA Settlement), the Court finds that the following Incentive Awards are fair and reasonable, and orders said awards to be paid pursuant to the Settlement Agreement:

    a. $15,000 each to Edward C. O'Bannon, Jr. and Samuel Michael Keller.

    b. $5,000 each to Oscar Robertson, William Russell, Harry Flournoy, Alex Gilbert, Sam Jacobson, Thad Jaracz, David Lattin, Patrick Maynor, Tyrone Prothro, Damien Rhodes, Eric Riley, Bob Tallent, Danny Wimprine, Ray Ellis, Jake Fischer, Jake

1                  Smith, Darius Robinson, Moses Alipate, Chase Garnham, and Shawne Alston, as

2                  well as former class representative, Tate George.

3          c.   $2,500 each to Bryan Cummings, LaMarr Watkins, and Bryon Bishop.

4          d.   $15,000 to Ryan Hart.

5      6.     The Court confirms its previous appointment of the following law firms as Class Counsel: Hausfeld LLP, Hagens Berman Sobol Shapiro LLP, The McKenna Law Firm LLC, and Lum, Positan & Drasco LLP. The Court finds that Class Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

     7.     The Court hereby awards to Class Counsel, in the aggregate: attorneys' fees in the amount of thirty percent (30%) of the Settlement Fund, or $12,000,000. The Court finds that the attorneys' fee award is fair and reasonable under the percentage-of-the-recovery method based upon the following factors: (1) the results obtained by counsel in this case, *see Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1303 (W.D. Wash. 2001), *aff'd*, 290 F.3d 1043 (9th Cir. 2002); (2) the risks and complex issues involved in this case, which were significant and required a high level of skill and high-quality work to overcome, *see In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008); (3) the attorneys' fees requested were entirely contingent upon success, and counsel risked time and effort and advanced costs with no guarantee of compensation, *see In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994); (4) the range of awards made in similar cases justifies an award of 30% here, *see In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989); and (5) the class members have been notified of the requested fees and had an opportunity inform the Court of any concerns they have with the request. These factors justify an upward adjustment of the Ninth Circuit's 25% benchmark. As such, the Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case. The Court will issue a separate order further detailing these findings and the allocation of the attorneys' fee award among Plaintiffs' Counsel.

     8.     The Court also awards reimbursement of reasonable costs and expenses in the following amounts: $1,819,964 for *O'Bannon* Class Counsel; $224,434.20 for *Keller* Class Counsel; $45,810.58 for attorney Timothy J. McIlwain; and $12,367.59 for The McKenna Law

1  Firm LLC and Lum, Drasco & Positan LLC. The Court finds that these amounts were reasonably
2  incurred in the ordinary course of prosecuting this case and were necessary given the complex
3  nature and nationwide scope of the case, and that the total costs and expenses granted are
4  allowable under the Settlement. The Court will issue a separate order further detailing these
5  findings.

6  9.  The Court confirms its previous appointment of Gilardi & Co. LLC as the Notice and
7  Claims Administrator ("Administrator") and finds that the Administrator has so far fulfilled its
8  duties under the Settlement.

9  10.  The Court orders that, by agreement between Class Counsel and the Administrator,
10 $133,436.27 be paid to the Administrator for past and future unreimbursed expenses relating to
11 notice and administration of the Settlement. This is in addition to the $185,476 already received
12 by the Administrator for the fulfillment of its duties.

13 11.  The Court confirms its previous findings in the Preliminary Approval Order that, for
14 settlement purposes only, the Lawsuits meet all the requirements of Federal Rule of Civil
15 Procedure 23(a) and (b)(3).

16 12.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court approves the
17 Settlement set forth in the Settlement Agreement, and finds that the Settlement Agreement is, in
18 all respects, fair, reasonable, and adequate and in the best interests of, the Class Representatives,
19 the Settlement Class, and each of the Settlement Class Members, and is consistent and in
20 compliance with all requirements of due process and federal law. This Court further finds that the
21 Settlement is the result of arm's-length negotiations between experienced counsel representing
22 the interests of the Class Representatives, the Settlement Class Members, and the Settling
23 Defendant. The Court further finds that the Parties have evidenced full compliance with the
24 Court's Preliminary Approval Order and other Orders relating to this Settlement. The Settlement
25 shall be consummated pursuant to the terms of the Settlement Agreement, which the Parties are
26 hereby directed to perform.

27 13.  The Court finds that the Class Notice plan as performed by the Parties—including the
28 form, content, and method of dissemination of the Class Notice to Settlement Class Members, as

1  well as the procedures followed for locating current addresses for potential Settlement Class

2  Members for notice purposes—(i) constituted the best practicable notice; (ii) was reasonably

3  calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the

4  Lawsuits and of their right to object to or exclude themselves from the Settlement; (iii) was

5  reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive

6  notice; and (iv) met all applicable requirements of Federal Rule of Civil Procedure 23 and due

7  process, and any other applicable rules or law.

8        14.    Fed. R. Civ. P. 23(c)(2)(B) requires that class notice "must clearly and concisely state

9  in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class

10 certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an

11 appearance through an attorney if the member so desires; (v) that the court will exclude from the

12 class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and

13 (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

14       15.    The Court finds that the notice program, previously approved by the Court in its

15 Preliminary Approval Order, has been implemented and complies with Fed. R. Civ. P.

16 23(c)(2)(B). The Preliminary Approval Order outlined the form and manner by which the

17 Settlement Class Members would be provided with notice of the Settlement, the Fairness Hearing,

18 and related matters.

19       16.    The nationwide notice program was extensive and robust. Among other things, it

20 included individual mailed notice to members of the Settlement Class who could be identified

21 through reasonable efforts; a dedicated settlement website; publication of a summary notice in

22 leading sports publications; and the extensive use of Internet advertising to inform Settlement

23 Class Members of the proposed Settlement. In order to create a database for mailed notice, the

24 Notice Administrator received 92,732 addresses of potential Settlement Class members via a

25 website set up for NCAA member institutions, as well as via email. Notice and claims forms were

26 mailed to over 90,000 potential Settlement Class members. Summary notice was also published in

27 *Sports Illustrated* and *ESPN the Magazine*. Mail and publication notice was supplemented by

28 Internet advertising and promotion through various sources, including Google, Facebook, and

1 Twitter. Proof that mailing, publication, and advertising complied with the Preliminary Approval
2 Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23
3 and the requirements of due process. It provided due and adequate notice to the Class; in fact, the
4 "reach rate" of the class notice was nearly 95%. Furthermore, the large number of claim requests
5 received as of July 2, 2015—20,241, which is an approximate estimate subject to change and
6 final confirmation—provides further evidence of the sufficiency of notice.

7     17. The Court has reviewed Exhibit E to the Declaration of Kenneth Jue, Dkt. No. 1223-5,
8 and determines that Dkt. No. 1223-5 contains the complete list of all Persons who have submitted
9 timely and untimely requests for exclusion from the Settlement Class, with the modification listed
10 in the Supplemental Declaration of Kenneth Jue, filed on July 15, 2015. Dkt. No. 1228. The Court
11 rules that all Persons who requested exclusion from the Settlement shall be excluded from the
12 Settlement Class. Exhibit 1 to this Order and Final Judgment is the complete list of all Persons
13 who are excluded from the Settlement Class, and who therefore shall neither share in nor be
14 bound by this Order and Final Judgment.

15     18. The Court finds that the Plan of Allocation is fair, reasonable, and adequate. The Plan
16 of Allocation provides monetary recovery in some form, on a pro rata basis based on the number
17 of their Season Roster Appearance Points, to all Settlement Class Members who filed a timely
18 claim. *See In re Oracle Sec. Litig.*, No. 90-0931-VRW, 1994 U.S. Dist. LEXIS 21593, at *3
19 (N.D. Cal. June 18, 1994). The Court hereby adopts Class Counsel's proposal to extend the
20 current Bar Date (July 2, 2015) such that claims will also be considered timely if they were either
21 (1) submitted online through the Settlement website by 11:59 p.m. Pacific time on July 31, 2015,
22 or (2) postmarked by 11:59 p.m. Pacific time on July 31, 2015. The Court also has reviewed the
23 procedures set forth in the Joint Filing of Claim Dispute Resolution Procedure, including Exhibits
24 A and B thereto (Dkt. No. 1241-3). The Court exercises its discretion to approve these
25 procedures, which make non-substantive changes to the Plan of Allocation with respect to the
26 timing of the claim dispute and payment disbursement processes outlined in Subparagraphs 62(e)-
27 (h) of the Settlement Agreement. The Court also notes that there is no reversion of the Settlement
28 Fund, maximizing the amount of payments to Class members. Accordingly, with the changes

1  noted above, the Plan of Allocation is approved.

2      19.   The Court has reviewed the objections of Darrin Duncan and Tate George to this
3  Settlement and overrules them. The Court notes that despite an extensive and robust nationwide
4  class notice program, only two objections have been filed; the response to the proposed
5  Settlement has been overwhelmingly positive. The Court overrules the objections and finds that
6  they are without merit for the reasons set forth in Class Counsel's filings, in open Court, and for
7  the additional reasons set out in this Order and Final Judgment. In brief, the Court rules as
8  follows:

9      a. First, Mr. Duncan's objection that the claims process was burdensome and that
10         checks should simply have been sent to Settlement Class Members' last-known
11         addresses is without merit. The Court finds that the claims process is reasonable
12         and appropriate given the challenges of locating all Class members.  The claims
13         process utilized by Class Plaintiffs minimizes waste, fraud, and administrative
14         costs and is typical of class action cases like this one.  The claims process, which
15         this Court previously approved, is simple, straightforward, and designed to make
16         submitting a claim as easy as possible—as demonstrated by the high claim rate:
17         approximately 19%.  Moreover, simply sending checks (many quite large) to the
18         last-known addresses of Settlement Class Members, without confirmation from
19         the Settlement Class Member, would have been irresponsible.

20     b. Second, Mr. Duncan's objection regarding the size and scope of the relief
21         provided by the Settlement is without merit.  The Court finds that the settlement
22         provides adequate relief to the Class.

23     c. Third, Mr. Duncan's objections regarding the scope of the release are without
24         merit because the objections do not accurately characterize the Released Claims.
25         The Released Claims are appropriately limited to claims based on, arising out of,
26         or related to the subject matter of, or the allegations in the Lawsuits, as set forth
27         in the Agreement.

28     d. Finally, Mr. George's objections regarding the requested Attorneys' Fees and

1         Expenses Award are without merit. The Court finds that Mr. George's proposed

2         relief as to attorneys' fees would fall far below the 25% benchmark established in

3         this District. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272

4         (9th Cir. 1989). Mr. George also provides no support for the outsized class

5         representative awards he has requested.

6     20.   As of the Effective Date, the Class Plaintiffs and all Settlement Class Members agree

7 to release and by operation of the Order and Final Judgment shall have fully and finally released,

8 relinquished, and discharged all Released Claims against each and all of the Released Parties, and

9 are bound by the provisions of the Settlement.

10     21.   Pursuant to this Order and Final Judgment, with respect to the Released Parties, any

11 and all actions, causes of action, claims, demands, liabilities, obligations, damage claims,

12 restitution claims, injunction claims, declaratory relief claims, fees (including attorneys' fees),

13 costs, sanctions, proceedings and/or rights of any nature and description whatsoever, whether

14 legal or equitable, including, without limitation, violations of any state or federal statutes and

15 laws, rules or regulations, or principles of common law, whether known or unknown, suspected

16 or unsuspected, had, possessed, owned or held, in law, equity, arbitration or otherwise, that were

17 or could have been asserted by Plaintiffs and/or the Settlement Class Members against Releasees

18 based on, arising out of, or related to the subject matter of, or the allegations in the Lawsuits, are

19 hereby dismissed with prejudice and without costs, other than those permitted under the

20 Settlement Agreement.

21     22.   As of the Effective Date, Class Plaintiffs and all Settlement Class Members shall be

22 permanently barred and enjoining from initiating, asserting, or prosecuting against the Released

23 Parties in any federal or state court or tribunal any and all Released Claims.

24     23.   The NCAA and its alleged co-conspirators not named as defendants in the Lawsuits,

25 including without limitation NCAA member schools and conferences (collectively, "Non-Settling

26 Parties"), are hereby barred, enjoined, and permanently restrained from instituting, commencing,

27 pursuing, prosecuting, or asserting any claim against the Released Parties for contribution,

28 indemnity or any other claim in which the alleged injury to the Non-Settling Party is the Non-

1  Settling Party's liability to Plaintiffs, or costs or fees in connection with that asserted liability,
2  arising out of or relating to the Released Claims. Notwithstanding the previous sentence, this
3  Judgment does not bar any Non-Settling Party from asserting contractual indemnity claims to the
4  extent that any may exist.

5      24.     Except as explicitly provided in the Settlement Agreement, neither the Settlement—
6  approved or not approved—nor any exhibit, document or instrument delivered thereunder, nor
7  any statement, transaction or proceeding in connection with the negotiation, execution or
8  implementation of the Settlement, shall be admissible in evidence in this or any other proceeding
9  for any purpose, including as evidence. Without limitation of the foregoing, nothing contained in
10 the Settlement, approved or not approved, nor any exhibit, document or instrument delivered
11 thereunder, nor any statement, transaction or proceeding in connection with the negotiation,
12 execution or implementation of the Settlement, shall be given any form of res judicata, collateral
13 estoppel or judicial estoppel effect against EA, CLC or the other Released Parties in any
14 administrative or judicial forum or proceeding.

15     25.     The Court orders that if the Settlement Agreement is terminated pursuant to its terms,
16 or the Effective Date for any reason does not occur, the orders certifying the Settlement Class for
17 purposes of effecting the Settlement Agreement, and all preliminary and/or final findings
18 regarding the Settlement Class certification orders, shall be automatically vacated upon notice to
19 the Court, the Lawsuits shall proceed as though the Settlement Class had never been certified
20 pursuant to the Settlement Agreement and such findings had never been made, and the Lawsuits
21 shall revert nunc pro tunc to the procedural status quo as of the date and time immediately before
22 the execution of the Settlement Agreement, in accordance with the Settlement Agreement.

23     26.     The Court finds the Settlement is in good faith pursuant to federal law and California
24 Code of Civil Procedure 877.6, including that the amount to be paid in the Settlement is in accord
25 with the Class Representatives' and the Settlement Class Members' potential total recovery and
26 EA's potential liability; that the allocation of the Settlement is fair; that the Settlement is not
27 meant to be the equivalent of liability damages; that the Settlement considers the relevant
28 financial circumstances of EA; and that the Settlement is not the product of and does not evince

1   collusion, fraud, or tortious conduct aimed to injure the interests of defendants other than the EA.

2       27.   The Court finds that the CAFA Notices sent by EA and CLC complied with 28 U.S.C.
3   § 1715 and all other provisions of the Class Action Fairness Act of 2005.

4       28.   The Escrow Account established by Class Plaintiffs' Co-Lead Counsel is approved as
5   a Qualified Settlement Fund pursuant to Internal Revenue Code Section 4688 and the Treasury
6   Regulations promulgated thereunder.

7       29.   The Court finds, under Fed. R. Civ. P. 54(b), that there is no just reason for delay in
8   entering final judgment, and directs that this Judgment shall be final and entered forthwith.

9       30.   Without affecting the finality of this Judgment, the Court reserves jurisdiction over the
10  Class Plaintiffs, the Settlement Class, and EA as to all matters concerning the administration,
11  consummation, and enforcement of the Settlement Agreement.

12  IT IS SO ORDERED.

14  DATED: August 18, 2015                    _____
15                                            THE HONORABLE CLAUDIA WILKEN
                                              SENIOR DISTRICT JUDGE

# **EXHIBIT 1**
Persons Excluded from the Settlement Class

| Name | City | State |
|---|---|---|
| Michael K. Taylor | Anniston | AL |
| Michael Bolling | Miami | FL |
| Chaz L. Anderson | Inglewood | CA |
| David Jeremy Schatz | Birmingham | AL |
| Anthony Khalife | Plains | PA |
| Kristoff Williams | Antioch | CA |